```
                     IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA


GINA MCKEEN-CHAPLIN,                )
individually, on behalf of all      )    2:12-cv-03035-GEB-JFM
others similarly situated, and      )
on behalf of the general public,    )
                                    )
                                    )    ORDER GRANTING CONDITIONAL
               Plaintiff,           )    CERTIFICATION AND CLASS
                                    )    CERTIFICATION
          v.                        )
                                    )
PROVIDENT SAVINGS BANK, FSB, and    )
DOES 1-50, inclusive,               )
                                    )
               Defendants.          )
_____ )
```

Plaintiff moves for an order that would certify a state law class action under Federal Rule of Civil Procedure ("Rule") 23 and conditionally certify a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff alleges state law claims against Defendant for (1) failure to pay overtime compensation under Cal. Lab. Code §§ 510, 1194, 1198 and the Industrial Welfare Commission ("IWC") Wage Orders; (2) waiting time penalties under Cal. Lab. Code §§ 201–203; (3) failure to provide itemized wage statements under Cal. Lab. Code § 226; (4) failure to provide and/or authorize second meal periods under Cal. Lab. Code § 226.7; and (5) unfair business practices under Cal. Bus. & Prof. Code §§ 17200 *et seq*. Plaintiff seeks certification of these claims on behalf of a class of "[a]ll persons who have been employed by [Defendant] as mortgage underwriters in the State of

California from December 17, 2008 until the trial of this case." (Pl.'s Mot. for Conditional Certification and Class Certification ("Mot."), ECF No. 16, 18:5—6.) Plaintiff also alleges a federal overtime claim under the FLSA, 29 U.S.C. § 216(b) for failure to pay overtime due. She seeks to conditionally certify this claim on behalf of a collective class of "all mortgage underwriters who are, or were, employed by Provident Savings Bank at any time from three years prior to the date of the Court's order granting conditional certification and continuing to the present." (Id. 2:1—4.) Defendant opposes each motion.

## I. BACKGROUND

For at least the past five years, Defendant Provident Savings Bank has employed mortgage underwriters (the "Underwriters"), whom it classifies as administrative employees exempt from federal and state overtime pay requirements under 29 U.S.C. § 213(a)(1) and IWC Wage Order No. 4. (Decl. of Matthew C. Helland in Supp. of Pl.'s Mot. for Conditional Certification ("Helland Decl."), ECF No. 17, Ex. 10; Dep. of Debra B. Baker ("Baker Dep."), ECF No. 17-9, 102.) The Underwriters all follow uniform guidelines and procedures, (id. 21–22), and their job duties are clearly delineated and standardized. (Id. 146–47.) Since Defendant classifies all Underwriters as exempt, it does not track Underwriters' hours in wage statement or otherwise. (Dep. of Deborah L. Hill ("Hill Dep."), ECF No. 17-8, 31–32; Helland Decl., Ex. 3.)

Plaintiff avers in her deposition testimony that as an Underwriter, she occasionally worked more than ten hours a day for Defendant, and she never received second meal periods. (Dep. of Gina McKeen-Chaplin, ECF No. 17-11, 73, 79.) Underwriter Karen Honour avers in her deposition testimony that she regularly worked ten or more hours a day and worked without a single meal period. (Helland Decl., Ex. 5;

2

Dep. of Karen Honour, ECF No. 20-2, 238.) Underwriter Kristi Suarez declares that she also worked between ten and twelve hours a day and worked without receiving two meal periods. (Suarez Decl. ¶ 4.) According to Defendant's corporate designee, Debra Baker, Defendant currently employs 30 or 32 Underwriters in California. (Baker Dep. 21.) Defendant states that since December 2009, Defendant has employed at least 58 Underwriters in California. (Helland Decl., Ex. 9, Def.'s Interrog. Resp. No. 4.)

## II. DISCUSSION

### A. Rule 23 Class Certification

"A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." Wang v. Chinese Daily News, Inc., 709 F.3d 829, 832 (9th Cir. 2013). Rule 23(a) contains "four threshold requirements": "numerosity, commonality, typicality, and adequacy of representation." Leyva v. Medline Indus. Inc., 716 F.3d 510, 512 (9th Cir. 2013). Further, under Rule 23(b)(3), Plaintiff must also demonstrate that the "questions of law or fact common to class members predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. Pro. 23(b)(3).

**(1) Rule 23(b)(3)**

Defendant's principal argument against certification is that Plaintiff "focus[es] solely on [Defendant's] alleged uniform exemption policy," and thus fails to establish the predominance of common questions of law or fact under Rule 23(b)(3). (Def.'s Opp'n to Mot. for Conditional Certification & Class Certification ("Opp'n"), ECF No. 18,

1  11:26 (citing <u>Vinole v. Countrywide Home Loans, Inc.</u>, 571 F.3d 935 (9th
2  Cir. 2009); <u>In re Wells Fargo Home Mortg. Overtime Pay Litig.</u>, 571 F.3d
3  953 (9th Cir. 2009)).) In the <u>Vinole</u> opinion on which Defendant relies,
4  the Ninth Circuit found predominance lacking since employees had "almost
5  unfettered autonomy" and the employer lacked standardized control and
6  policies, even though all employees were classified as exempt. <u>Vinole</u>,
7  571 F.3d at 947. The court held that "rel[iance] on an internal uniform
8  exemption policy to the near exclusion of other factors relevant to the
9  predominance inquiry" constitutes an abuse of discretion when "exempt
10 status depends upon an individualized determination of an employee's
11 work, and where plaintiffs allege no standard policy governing how
12 employees spend their time." <u>Id.</u> at 946—47. Similarly, in the <u>In re
13 Wells Fargo</u> opinion on which Defendant relies, the Ninth Circuit
14 reversed the district court's "heavy reliance" on an employer's uniform
15 exemption policy since there were "serious issues regarding individual
16 variations among [employees'] job duties and experiences." <u>In re Wells
17 Fargo</u>, 571 F.3d at 958, 956. By contrast, this case has not been shown
18 to involve either "heavy" or "nearly exclusive" reliance on Defendant's
19 uniform exemption policy. Plaintiff has submitted evidence evincing that
20 Underwriters perform substantially the same job, follow detailed and
21 standardized procedures, and are uniformly classified as exempt. (<u>See,
22 e.g.</u>, Hill Dep. 56; Baker Dep. 12—13; 21—22; 35—36.) This evidence
23 includes Defendant's corporate designee, Debra Baker's deposition
24 testimony, in which she testified that Underwriters' duties were so
25 well-known and so substantially similar that they need not be observed
26 or investigated to make an exemption decision. (Baker Dep. 146—47.) This
27 evidence evinces that Underwriters were subject to "centralized control
28 in the form of . . . standardized corporate policies and procedures . .

4

. and other factors susceptible to common proof." Vinole, 571 F.3d at 946. Defendant nonetheless argues Plaintiff cannot establish predominance since "individualized inquiries are required into whether [U]nderwriters worked overtime and whether Provident knew or should have known of the overtime hours [U]nderwriters worked." (Opp'n 12:12–15.)

Predominance in misclassification cases typically requires the existence of a common question regarding classification. See, e.g., Vinole, 571 F.3d at 946; Marlo v. United Parcel Serv., Inc., 639 F.3d 942, 948 (9th Cir. 2011); Casida v. Sears Holdings Corp., 1:11-CV-01052 AWI JLT, 2012 WL 3260423, at *15 (E.D. Cal. Aug. 8, 2012). However, Rule 23(b)(3) "does *not* require a plaintiff seeking class certification to prove that each element of her claim is susceptible to classwide proof." Amgen Inc. v. Conn. Ret. Plans & Trust Funds, 133 S. Ct. 1184, 1196 (2013) (internal alterations omitted). Common questions need only "predominate" over individual questions. Fed. R. Civ. Pro. 23(b)(3).

Here, the uncontroverted facts show that Defendant's classification decision is subject to common proof. Defendant also identifies other issues that it argues are subject to individualized proof that may be susceptible to common proof. For example, if Defendant misclassified the Underwriters, then Defendant was obligated to track Underwriters' hours under 8 C.C.R. §§ 11040(7)(A)(3), (A)(5) and 29 C.F.R. § 516.2(7), and thus should have known whether each Underwriter worked overtime. Thus common proof of misclassification would supply common proof that Defendant knew or should have known Underwriters worked overtime as well. Underwriters' overtime hours may also be proven with common proof and representative testimony. See McLaughlin v. Ho Fat Seto, 850 F.2d 586, 589 (9th Cir. 1988) ("allow[ing] district courts to award back wages under the FLSA to non-testifying employees based upon

the fairly representative testimony of other employees"); Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th 1157, 1189 (2008) (recognizing that "California courts . . . permit class action plaintiffs to prove their damages for unpaid overtime by the use of statistical sampling"). For the stated reasons, Plaintiff's evidence "affirmatively demonstrat[es]" that questions of law or fact common to class members predominate under Rule 23(b)(3). Mazza v. Am. Honda Motor Co., Inc., 666 F.3d 581, 588 (9th Cir. 2012).[1]

**(2) Rule 23(a)**

Plaintiff also argues she has satisfied Rule 23(a)'s requirements of "numerosity, commonality, typicality, and adequacy of representation." Wang, 709 F.3d at 832.

**(a) Numerosity**

Plaintiff argues she has met "her burden to show numerosity" since she seeks to certify a class of 26 to 28 former Underwriters for the waiting time claim and a class of 58 current and former Underwriters for all the other state law claims. (Mot. 19:3—10.) Defendant counters Plaintiff "has not established numerosity for the overtime claim" since

---

[1] After the close briefing, Defendant requested leave to file a surreply, arguing that something other than the exemption analysis might predominate in a misclassification case. (Def.'s Appl. for Leave to File Surreply, ECF No. 22, 1:6—7 (citing Sotelo v. Medianews Grp., Inc., 207 Cal. App. 4th 639 (2012); Bouthner v. Cleveland Constr., No. RDB-11-0244, 2012 WL 738578 (D. Md. Mar. 5, 2012)).) Plaintiff opposed Defendant's application, rejoining that "[t]he California state court case and District of Maryland case [Defendant] cites both involve *independent contractor* misclassification, not an exemption defense, and are distinguishable for that reason and a host of others." (Pl.'s Opp'n to Def.'s Ex Parte Appl. to File Surreply, ECF No. 23, 2:6—8.) Defendant's request for leave to file a surreply is denied since it is unnecessary to disposition of the pending motions. See Guidiville Band of Pomo Indians v. NGV Gaming, Ltd., 531 F.3d 767, 787 (9th Cir. 2008) (Smith, J., dissenting) (approving district court's refusal to allow surreply deemed unnecessary to the disposition).

6

Plaintiff has not shown that all 58 Underwriters worked overtime. (Opp'n 19:9.) Defendant also argues that Plaintiff cannot establish numerosity for her waiting time penalties claim since "[t]he proposed class of *former employees* would only number between 26-28 individuals." (Opp'n 25:18–19.) Plaintiff rejoins that she "has established numerosity by showing that it would be impractical to join each individual class member to adjudicate the exemption classification." (Reply Mem. in Supp. of Mot. for Conditional Certification ("Reply"), ECF No. 20, 7:26.) Plaintiff also argues that "[b]ecause it would be impractical and inefficient to require each class member who is a former employee to litigate [the waiting time claim] separately, or to join as named Plaintiffs in this action, Plaintiff has satisfied numerosity." (Reply 10:12–14.)

"Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." Collins v. Cargill Meat Solutions Corp., 274 F.R.D. 294, 300 (E.D. Cal. 2011). However, "[t]he numerosity requirement includes no specific numerical threshold." Andrews Farms v. Calcot, Ltd., 258 F.R.D. 640, 651 (E.D. Cal. 2009). Instead, it "requires examination of the specific facts of each case and imposes no absolute limitations." Gen. Tel. Co. of the Nw., Inc. v. Equal Emp't Opportunity Comm'n, 446 U.S. 318, 330 (1980). Rule 23's requirement that "the class be so numerous that joinder of all members is impractical does not mean that joinder must be impossible, but rather means only that the court must find that the difficulty or inconvenience of joining all members of the class makes class litigation desirable." In re Itel Sec. Litig., 89 F.R.D. 104, 112 (N.D. Cal. 1981) (emphasis added); accord Baghdasarian v. Amazon.com, Inc., 258 F.R.D. 383, 388 (C.D. Cal. 2009) (defining "impracticability" as when joinder

of all class members is "difficult or inconvenient"); Campbell v. PricewaterhouseCoopers, LLP, 253 F.R.D. 586, 594 (E.D. Cal. 2008) (holding that "an attempt to join all parties must only be difficult or inconvenient" to satisfy Rule 23(a)(1)) (citing Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913–14 (9th Cir. 1964)). Here, Plaintiff's state law claims on behalf of the 58 current and former Underwriters clearly satisfy numerosity. Further, Plaintiff has shown that requiring each of the 26 to 28 former Underwriters to serve as named Plaintiffs or separately litigate their waiting time claims would be sufficiently difficult and inconvenient to satisfy Rule 23(a)(1). Plaintiff has therefore established numerosity as to all of her state law claims.

**(b) Commonality**

Plaintiff argues that commonality exists under Rule 23(a)(2) because the state law claims "'depend upon a common contention'" that can, and will, be decided "'in one stroke.'" Wang, 709 F.3d at 834 (quoting Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011)). Since Plaintiff has shown that Underwriter classification is a common question and that Defendant lacked a compliant second meal period policy, (see supra; Reply 8:1–9:16), Plaintiff has established commonality under Rule 23(a)(2) as to all of her state law claims.

**(c) Typicality**

Plaintiff argues her "claims are typical of those of the class members because [Defendant] admits that all [U]nderwriters shared the same job duties" and Defendant's noncompliant meal period policy affected all Underwriters. (Mot. 22:20–21, 22:26–27.) Defendant counters that Plaintiff's overtime claim is not "typical of the class she purports to represent" since Defendant "did not know or have

constructive knowledge that she was working overtime," and her second meal period claim is not typical because it is not viable. (Opp'n 17:14–15, 18:1–2.) However, Plaintiff has provided evidence showing that whether Defendant knew or should have known Underwriters worked overtime could be subject to common proof. Plaintiff also submitted evidence showing that her second meal period claim is viable. (See Reply 8:1–9:16.) Plaintiff has sufficiently shown typicality under Rule 23(a)(3) since her claims are "reasonably co-extensive with those of absent claims members." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1020 (9th Cir. 1998).

### (d) Adequacy of Representation

Defendant argues "Plaintiff is not an adequate class representative because she has a close relationship with class counsel, Nicholas Kaster, having been involved in multiple class actions lawsuits with them which may impair her independence." (Opp'n 26:17–19.) However, Defendant provides no evidence of an improperly close relationship between Plaintiff and class counsel. Cf. London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1255 (11th Cir. 2003) (judging inappropriate "significant personal and financial ties" between class counsel and named plaintiff); Kesler v. Ikea U.S. Inc., No. SACV 07-568 JVS (RNBx), 2008 WL 413268, at *5 (C.D. Cal. Feb. 4, 2008) (finding no conflict of interest between named plaintiff and class counsel absent a shared "familial relationship or a business partnership"). Since Plaintiff has shown that both she and class counsel will "prosecute the action vigorously on behalf of the class," without "any conflicts of interest with other class members," Plaintiff has met her burden under Rule 23(a)(4). In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 462 (9th Cir. 2000).

Since Plaintiff has met her burden of demonstrating that the class meets the requirements of Rule 23, Plaintiff's motion to certify her state law claims is granted.

**B. Conditional Certification Under 29 U.S.C. § 216(b)**

A collective action for unpaid overtime under the FLSA may be maintained by employees on behalf of "other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis added); accord Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1064 (9th Cir. 2000). While "[t]he FLSA does not define 'similarly situated,' and neither the Supreme Court nor the Ninth Circuit have interpreted the term," district courts in the Ninth Circuit have generally adopted a two-tiered approach when deciding the issue. Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 627 & n.3 (E.D. Cal. 2009) (collecting cases); Bishop v. Petro-Chem. Transp., LLC, 582 F. Supp. 2d 1290, 1294 (E.D. Cal. 2008) (similar). Use of the two-tiered approach has also been affirmed by at least five courts of appeals. See White v. Baptist Memorial Health Care Corp., 699 F.3d 869, 877 (6th Cir. 2012); Myers v. Hertz Corp., 624 F.3d 537, 554—55 (2d Cir. 2010); Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 915 n.2 (5th Cir. 2008); Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008); Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001).

At the first tier of the analysis, called the "notice stage," the court "asks whether the employees are sufficiently similarly situated that notice should be sent to prospective plaintiffs" of the collective action. Kress, 263 F.R.D. at 627. The named employee-plaintiffs must make "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Bishop, 582 F. Supp. 2d at 1294. However, this standard is

1 "'fairly lenient'" and "'typically results in a conditional
2 certification of a representative class.'" Kress, 263 F.R.D. at 628
3 (quoting Wynn v. Nat'l Broad. Co., Inc., 234 F. Supp. 2d 1067, 1082
4 (C.D. Cal. 2002)). It is met by a showing that plaintiffs were subject
5 to the same exemption classification and performed similar job duties.
6 E.g., Vinole, 571 F.3d at 946–47; Kress, 263 F.R.D. at 630.

7      The first-tier analysis applies until the close of discovery.
8 See Kress, 263 F.R.D. at 629 ("Courts within this circuit . . . refuse
9 to depart from the notice stage analysis prior to the close of
10 discovery."); see also Hill v. R+L Carriers, Inc., 690 F. Supp. 2d 1001,
11 1009 (N.D. Cal. 2010); Wynn, 234 F. Supp. 2d at 1082; Murillo v. Pac.
12 Gas & Elec. Co., 266 F.R.D. 468, 471 (E.D. Cal. 2010); Romero v.
13 Producers Dairy Foods, Inc., 235 F.R.D. 474, 482 (E.D. Cal. 2006);
14 Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004).[2]
15 Under the second tier of the analysis, a conditional certification may
16 be revisited "'utilizing a stricter standard of similarly situated,'"
17 often due to a motion to decertify. Kress, 263 F.R.D. at 628 (quoting
18 Thiessen, 267 F.2d at 1102–03).

19      Here, Plaintiff argues the Underwriters are "similarly
20 situated" because Defendant "admits all class members have the same job
21 duties." (Mot. 12:11–12.) Defendant counters that "Plaintiff has not
22 established that conditional certification of the overtime claim is
23 appropriate," since Plaintiff "focuses almost entirely on the issue of
24 whether Provident's [U]nderwriters were misclassified as exempt
25 employees," without addressing whether Provident "knew or should have

---

28 [2] Defendant urges the court to apply a "heightened standard" to Plaintiff's motion. (Opp'n 29:10–11.) This invitation is declined since discovery in this case is not complete.

11

known that [a] particular Underwriter worked overtime." (Opp'n 29:27–28, 29:16–17, 29:26–27.) Plaintiff counters that under the lenient first tier of the analysis, Defendant's admission "that mortgage [U]nderwriters are similarly situated with respect to the exemption analysis" is sufficient for conditional certification. (Pl.'s Reply 11:21–23.)

Plaintiff has satisfied the "lenient" first-tier showing. Bishop, 582 F. Supp. 2d at 1296; see Williams v. U.S. Bank Nat'l Ass'n, --- F.R.D. ----, 2013 WL 3119055, at *10 (E.D. Cal. June 20, 2013) (granting conditional certification to mortgage underwriters who were bound by defendant's underwriting guidelines and uniformly classified by defendant as exempt); Gee v. Suntrust Mortg., Inc., No. C-10-1509-RS, 2011 WL 722111, at *3 (N.D. Cal. Feb. 18, 2011) (same); Bollinger v. Residential Capital, LLC, 761 F. Supp. 2d 1114, 1121 (W.D. Wash. 2011) (same). Accordingly, Plaintiff's motion for conditional certification of the collective action is granted.

**C. Class and Collective Action Notice**

Plaintiff "requests that the Court rule on the form and manner of notice" for the class and collective actions. (Mot. 30:9.)[3] Under the FLSA, "a potential plaintiff does not benefit from (and is not bound by) a judgment unless he or she affirmatively 'opts in' to the lawsuit." Busk v. Integrity Staffing Solutions, Inc., 713 F.3d 525, 528 (9th Cir. 2013). "[T]he court has a managerial responsibility to oversee the

---

[3] Plaintiff attaches to her motions a proposed a notice and consent form and notice envelope, modeled on the Federal Judicial Center's sample notice, and intended to reflect the findings and discussion of findings supplied by the Federal Judicial Center. (Helland Decl., Exs. 12–14; Mot. 27:12–28:17.) Defendant objects to Plaintiff's proposed notice on several grounds. (Opp'n 30:1–33:7.) In response, Plaintiff submitted a revised notice, addressing some of Defendant's concerns. (Helland Decl., Ex. 18.)

joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170—71 (1989). In carrying out this responsibility, trial courts wield considerable discretion to determine the appropriate contours of the notice in each particular case. Id. at 170. This discretion is to be used to ensure that the FLSA notice is "timely, accurate, and informative" so that prospective plaintiffs "can make informed decisions about whether to participate." Id. at 172, 170; accord Romero, 235 F.R.D. at 492. For the reasons stated, Plaintiff's proposed notice largely satisfies these criteria.

### (1) Potential Pre-Trial and Trial Obligations

Defendant "objects to Plaintiff's proposed notice because it fails to inform potential plaintiffs of their [potential discovery and trial] responsibilities if they choose to opt-in to the lawsuit." (Opp'n 30:17—18 (citing Reab v. Elec. Arts, Inc., 214 F.R.D. 623, 630 (D. Colo. 2002); Belcher v. Shoney's, Inc., 927 F. Supp. 249, 253—55 (M.D. Tenn. 1996)).) Plaintiff responds that she "is willing to add a sentence [to the notice] saying 'If you join the collective, you may be required to participate in discovery or appear at trial.'" (Reply 12:28—13:2.) Since this revision amply addresses Defendant's objection, which only concerns opt-in plaintiffs' *potential* pre-trial and trial obligations, this redline revision is accepted.

### (2) Potential Monetary Obligations

Defendant next argues that "Plaintiff's proposed notice is deficient because it does not inform potential plaintiffs . . . [that they] may be responsible for [Defendant's] costs in this matter if their claims against [Defendant] are unsuccessful." (Opp'n 31:3—9.) Plaintiff counters that inclusion of "language in the notice regarding potential

13

liability for costs . . . would unnecessarily chill participation." (Reply 12:17–18.) Defendant relies on Dietrich v. Liberty Square, L.L.C., 230 F.R.D. 574, 580 (N.D. Iowa 2005) for the proposition that "notice must include 'any fees or advances that a plaintiff would be obligated to pay at any stage of the litigation.'" However, Dietrich does not dictate whether or when such notice might be appropriate in general, nor whether such notice is appropriate here. Indeed, courts that cite Dietrich with approval have nevertheless declined to require the type of notification required in Dietrich since the content of § 216(b) notification turns on the facts of each individual case. See, e.g., Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 496, 500 (D. Neb. 2009). There is also good reason to doubt whether the kind of revision that Defendant requests is ever appropriate under the FLSA. Generally, the "FLSA does not allow for fees for prevailing defendants." Arnel Agdipa v. Grant Joint Union High Sch. Dist., No. Civ. S-06-1365 DFL DAD, 2007 WL 1106099, at *2 (E.D. Cal. Apr. 10, 2007); Phelps v. MC Commc'ns, Inc., 2:11-CV-00423-PMP, 2011 WL 3298414, at *7 (D. Nev. Aug. 1, 2011); Gerlach v. Wells Fargo & Co., No. C 05-0585 CW, 2006 WL 824652, at *4 (N.D. Cal. Mar. 28, 2006). "The courts have rejected [] argument[s like those advanced here], noting it is not clear whether prevailing defendants can be awarded defense costs from plaintiffs seeking recovery under the FLSA, and such a notice may discourage plaintiffs from joining the litigation." Martinez, 265 F.R.D. at 500. Notification warning prospective plaintiffs that they may be responsible for Defendant's costs is not required by the FLSA; it is also contrary to FLSA's "broad, remedial purpose" and the persuasive interpretation of the FLSA that a large number of other federal courts have adopted in the context of § 216(b) notice. See Austin v. CUNA Mut. Ins. Soc'y, 232

F.R.D. 601, 605, 608 (W.D. Wisc. 2006) (collecting cases finding the same). Accordingly, this requested revision is denied.

### (3) Notice Period

Defendant objects to Plaintiff's proposed 90-day opt-in time period, arguing that "[a] 30-day opt-in period will provide potential plaintiffs with sufficient time in which to assess whether to join the suit." (Opp'n 31:14–15.) Plaintiff responds that she is "amenable to a compromise on this point, and suggest[s] a 60-day period" instead. (Reply 13:5.) Since a 60-day opt-in period is well-within an accepted opt-in time periods employed in this circuit, see Williams, 2013 WL 3119055, at *11 n.33 (collecting cases from this circuit authorizing 90-day and 60-day notice periods), this redline revision is accepted.

### (4) Third Party Administrator

Defendant argues that "[i]n order to ensure [judicial] neutrality, the Court should require the use of a third party administrator to distribute the [N]otice." (Opp'n 31:26–32:1 (citing Gerlach, 2006 WL 824652, at *4).) However, Defendant does not specify how the *Court's* neutrality could be threatened by *Plaintiff's* distribution of the notice. Defendant's argument relies on Gerlach, which stated that FLSA notice should be "returned to a third-party claims administrator, not to the Clerk of the Court." Gerlach, 2006 WL 824652, at *4. However, Gerlach did not address the propriety of collective action notice sent by counsel, as Plaintiff proposes here. Id. at *4; see also Adams v. Inter-Con Sec. Sys., Inc., 242 F.R.D. 530, 539–40 (N.D. Cal. 2007) (distinguishing Gerlach for this reason, and declining to appoint a third-party administrator). Defendant's requested revision is therefore denied.

///

**(5) Reminder Notice**

"Plaintiffs also request permission to send a reminder notice one time during the notice period," arguing that "reminder notice is in no way prejudicial to Defendant," but failure to provide a reminder notice is prejudicial to "a potential opt-in who fails to read the initial notice for whatever reason" and therefore is "left unaware of her rights." (Mot. 29:7–12.) Defendant does not specifically object to Plaintiff's proposed reminder notice, which numerous courts in this circuit have approved. E.g., Ramirez v. Ghilotti Bros. Inc., --- F. Supp. 2d ----, 2013 WL 1786636, at *12 (N.D. Cal. 2013) (authorizing plaintiffs "to send a second notice, substantially the same as the first, as a reminder"); Harris v. Vector Mktg. Corp., 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (finding a reminder appropriate "[p]articularly since the FLSA requires an opt-in procedure"). Accordingly, Plaintiff's proposed reminder notice is approved.

**(6) E-mail Notice**

Plaintiff requests to "distribute the notice via e-mail in addition to U.S. Mail." (Mot. 28:18.) Defendant objects to this request as "unnecessary and overbroad." (Opp'n 32:7–9.) Since a notice and a reminder notice have been authorized by U.S. Mail in this case, provision of additional notice by e-mail has not been shown to be necessary. See Kress, 263 F.R.D. at 631 n.14 (stating "provision of notic[e] by mail *or* e-mail will suffice") (emphasis added). Defendant's objection to the e-mail notice is therefore sustained.

**(7) Hoffman-La Roche Inc. Order**

Plaintiff "requests that the within ten business days of the Court's order, Provident be required to provide Plaintiffs' counsel with a list (in Excel or similar format) of all mortgage Underwriters who

16

are, or were, employed by Provident at any time since December 17, 2008." (Mot. 30:1–4.) Plaintiff asks that this list include each Underwriter's "(1) name, (2) job title, (3) last known address and telephone number, (4) last known personal email address, and if none and if the employee is a current employee, the employee's Provident email address, (5) dates of employment, (6) location of employment, (7) employee number, and (8) social security number (last four digits only)." (Id. 30:4–8.) Defendant rejoins that "the personal information requested by Plaintiff exceeds that which is appropriate," and "names and addresses of potential class members should be sufficient." (Opp'n 32:16–18.) At the conditional certification state, "the contact information to be provided by [Defendant] shall be limited to the putative class members' names and U.S. mailing addresses only." Davis v. Soc. Serv. Coordinators, Inc., No. 1:10-CV-02372-LJO-SKO, 2012 WL 5838825, at *3 (E.D. Cal. Nov. 15, 2012). "Should Plaintiff require additional contact information due to undeliverable notices, Plaintiff may file such a request with the Court and the Magistrate Judge will promptly determine whether additional contact information should be provided by [Defendant]." Id.; see also Campbell v. Pricewaterhouse Coopers, LLP, No. CIV S-06-2376 LKK/GGH, 2008 WL 2345035, at *3 (E.D. Cal. June 5, 2008) (ordering defendant to provide additional contact information for potential plaintiffs when "notices are returned undelivered, and the information is needed to obtain the new" contact information). Defendant is ordered "to produce to Plaintiff[] a computer-readable data file containing the names [and] last known addresses . . . of all persons within the proposed class" within ten days from the date on which this Order is filed. Mitchell v. Acosta Sales, LLC, 841 F. Supp. 2d 1105, 1120 (C.D. Cal. 2011).

### IV. CONCLUSION

For the stated reasons, Plaintiff's motions to certify the class action and conditionally certify the collective action are granted, and the notice, as described above, is hereby authorized for mailing.

Dated:  August 9, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge