1
2
3
4
5

Matthew C. Helland, CA State Bar No. 250451
Helland@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA  94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

6

Attorneys for Plaintiffs and those similarly situated

7
8
9
10
11
12
13

Howard M. Knee, CA State Bar No. 55048
knee@blankrome.com
Michael L. Ludwig, CA State Bar No. 173850
ludwig@blankrome.com
Kathy PourSanae, CA State Bar No. 269023
kpoursanae@blankrome.com
BLANK ROME LLP
1925 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

14
15

Attorneys for Defendant
PROVIDENT SAVINGS BANK, FSB

16

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| GINA MCKEEN-CHAPLIN, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>                    Plaintiff,<br><br>        v.<br><br>PROVIDENT SAVINGS BANK, FSB, and DOES 1-50, inclusive,<br><br>                    Defendants. | Case No.: 2:12-cv-03035-GEB-JFM<br><br>JOINT STIPULATION AND [PROPOSED] ORDER REGARDING REVISED JUDICIAL NOTICE |

1      Plaintiff GINA MCKEEN-CHAPLIN, individually, on behalf of others similarly situated,

2   and on behalf of the general public ("Plaintiffs"), and Defendant PROVIDENT SAVINGS

3   BANK ("Defendant," jointly with Plaintiff, the "Parties"), by and through their counsel, hereby

4   STIPULATE and AGREE as follows:

5      WHEREAS, on August 12, 2013, the Court entered an order granting Plaintiffs' Motion

6   for Conditional Certification and Judicial Notice Under 29 U.S.C. § 216(b) and Class

7   Certification Under F.R.C.P. 23 (ECF No. 25);

8      WHEREAS, on August 26, 2013, Defendant filed a Petition for Permission to Appeal

9   From Order Granting Class Certification (Fed. R. Civ. P. 23(f)) (the "Petition");

10      WHEREAS, the Petition seeks review of the Court's certification under Rule 23 only and

11   does not seek review of the conditional certification of Plaintiffs' FLSA claims;

12      WHEREAS, the statutes of limitations on the FLSA claims of members of the FLSA

13   Collective continue to run until a consent form is filed with the Court;

14      WHEREAS, the parties agree that Judicial Notice should be distributed promptly;

15      WHEREAS, revisions to the Court-approved Judicial Notice are necessary because the

16   Rule 23 certification might be subject to appeal; and

17      WHEREAS, the Parties will return to the Court with another proposed Judicial Notice if

18   the Ninth Circuit does not grant review of the Court's certification order.

19   *//*

20   *//*

21   *//*

22   *//*

23   *//*

24   *//*

25   *//*

26   *//*

27   *//*

28

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING REVISED JUDICAL NOTICE

1   THEREFORE, the parties hereby STIPULATE, AGREE, and JOINTLY REQUEST that the

2   Court issue an order approving the revised Judicial Notice, attached hereto as Exhibit A in clean

3   and redline form, so that Plaintiffs' Counsel may distribute the Judicial Notice to members of the

4   FLSA Collective.

5

6   Respectfully Submitted,

7   Dated: August 30, 2013                    NICHOLS KASTER, LLP

8                                             By:    s/Matthew C. Helland
9                                                    Matthew C. Helland

10                                            Attorneys for Plaintiffs and those similarly situated

11
    Dated: August 30, 2013                    BLANK ROME LLP
12
                                              By:    s/Michael L. Ludwig
13                                                   Michael L. Ludwig

14                                            Attorneys for Defendant Provident Savings Bank
15

16
    Pursuant to Stipulation, IT IS SO ORDERED.  The Parties' proposed Judicial Notice is
17
    APPROVED.
18

19  Dated:  September 4, 2013                  _____
20                                             GARLAND E. BURRELL, JR.
                                               Senior United States District Judge
21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

# As a current or former mortgage underwriter employed by Provident Savings Bank, a collective action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Mortgage underwriters have sued Provident Savings Bank, alleging that Provident misclassified them as exempt from state and federal overtime law and therefore failed to pay overtime pay when they worked over 8 hours in a day or 40 hours in a week.

- The Court has certified this case as a collective action under the federal Fair Labor Standards Act ("FLSA").

- The FLSA collective class consists of all persons employed by Provident Savings Bank as mortgage underwriters from [3 years prior to Court order] until the trial of this case.  In order to participate in the FLSA collective class, you must return a green consent form.

- The Court has not decided whether Provident did anything wrong.  There is no money available now and no guarantee there will be.

- **Your legal rights may be affected by this lawsuit.  You have a choice to make now.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **RETURN THE GREEN FORM**<br><br><br>**ASSERT YOUR FLSA CLAIMS** | • If you worked at Provident as a mortgage underwriter between [date] and the present, you may be eligible to become a member of the FLSA collective class.<br>• If you would like to become a member of the FLSA collective class, **you must fill out the Green Form enclosed with this Notice and return it by [INSERT DATE]**.<br>• By becoming a member of the FLSA collective class, you protect your ability to recover unpaid overtime and liquidated (double) damages that may come from a trial or a settlement of the lawsuit.<br>• You will be bound by the decisions of the Court concerning this litigation, whether they are favorable or unfavorable. |

1

| | |
|---|---|
| **DO NOTHING**<br><br>**DO NOT** ASSERT YOUR FLSA CLAIMS | • If you do not return a Green Form, you will not be asserting your FLSA claims in this case and will not be part of any settlement or judgment that only involves FLSA claims.  Because the statute of limitations on your FLSA claim continues to run, you will eventually lose your right to bring an FLSA claim if you do nothing. |

## BACKGROUND INFORMATION

### 1.  Why did I get this notice?

Provident's records reflect that you worked for Provident as a mortgage underwriter at some point between [3 years prior to Court order] and the present.

The Court has certified a collective action lawsuit that may affect you.  A trial may be necessary to decide whether the claims being made against Provident on your behalf are correct or whether the defenses to those claims are correct.  The Honorable Garland E. Burrell, Jr. a District Court Judge in the United States District Court for the Eastern District of California, is overseeing this lawsuit.

### 2.  What is this lawsuit about?

On December 17, 2012 a case was filed against Defendant Provident Savings Bank on behalf of Named Plaintiff Gina McKeen-Chaplin and all other similarly situated individuals who worked as mortgage underwriters for Provident during the past four years.  Specifically, Plaintiff alleges that Provident misclassified mortgage underwriters as exempt employees and that Provident's failure to pay overtime to mortgage underwriters violated the law.  The case alleges that these individuals are owed overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, as well as the California Labor Code. Plaintiff also alleges that Provident failed to provide required meal periods, and is liable for penalties because it did not provide accurate wage statements and did not timely pay all wages due. Plaintiff alleges that Provident's violations of law amounted to unfair competition.

Defendants deny Plaintiffs' allegations and maintain that the Plaintiff and class members were properly classified as exempt employees and do not have claims under the FLSA or California law.

### 3.  What is a collective action and who is involved?

In a collective action lawsuit, one or more individuals sue on behalf of others who have similar claims.  In this case, the Plaintiff brought a collective action under the Fair Labor Standards  Act  against  Provident on  behalf  of  all  those  who  worked  as   mortgage underwriters between [date] and the trial of this case.

In order to become a collective member, you must complete the **Green Form** enclosed with this Notice. If you join the collective, you may be required to participate in discovery or appear at trial. Other Provident current and/or former employees have already joined this case as members of the FLSA collective.

### 4.  Why is this lawsuit a collective action?

The Court decided that this lawsuit can be a collective action because it meets the requirements for bringing a collective action under the Fair Labor Standards Act.

### 5.  What are Plaintiffs asking for?

Under federal law, the Plaintiffs in the FLSA collective are seeking to recover unpaid overtime wages for all hours worked over 40 per workweek, liquidated (double) damages under the FLSA, and interest. Plaintiffs are also seeking attorneys' fees.

## WHO IS IN THE COLLECTIVE?

**6.  How do I know if I am part of the Collective?**

You may be a member of the FLSA Collective if you worked for Provident as a mortgage underwriter from [date] to the present and if you either: (1) already joined this lawsuit by submitting a consent form prior to getting this Notice, or (2) complete the enclosed Green Form and return it on or before the date set forth in Paragraph 9.  However, the statute of limitations continues to run on your claim until you join the case.  If you delay in returning your  Green Form, you may lose your rights under the FLSA.

**7.  I am still not sure if I am included.**

If you are not sure whether you are included, you can contact Plaintiff's Counsel, Nichols Kaster, LLP, at the phone number or address listed on Paragraph 9.

**8.  Can Provident fire me or take other action against me because I am part of this case?**

No.  The law prohibits Provident from retaliating against any class member for being part of this lawsuit. Therefore, Provident is prohibited from firing you or retaliating against you in any other manner because you choose to participate in this lawsuit.

## YOUR RIGHTS AND OPTIONS

**9.  How do I join the FLSA collective?**

If you would like to be included in the FLSA collective, and you worked as a mortgage underwriter between [date] and the present, complete and return the Green Form enclosed with this Notice. The form must be mailed, faxed, or emailed to:

**Nichols Kaster, LLP**
**Attn:  Matthew C. Helland**
**One Embarcadero Center, Suite 720**
**San Francisco, CA 94111**
**Toll-Free Telephone: 1-877-448-0492 (no faxes to this number)**
**Fax: (612) 215-6870**
**Email: forms@nka.com**
Website: www.overtimecases.com

**Your Green Form must be postmarked by [INSERT DATE.]**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

# As a current or former mortgage underwriter employed by Provident Savings Bank, a ~~class and~~ collective action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Mortgage underwriters have sued Provident Savings Bank, alleging that Provident misclassified them as exempt from state and federal overtime law and therefore failed to pay overtime pay when they worked over 8 hours in a day or 40 hours in a week.

- ~~The Mortgage underwriters also allege that Provident violated California law by not providing required meal periods and that Provident is liable for certain penalties under California law.~~

- The Court has certified this case as a ~~class action under California state law and a~~ collective action under the federal Fair Labor Standards Act ("FLSA~~"~~").

- ~~The California Class consists of all persons who have been employed by Provident Savings Bank as mortgage underwriters in the State of California from December 17, 2008 until the trial of this case.~~

- The FLSA collective class consists of all persons employed by Provident Savings Bank as mortgage underwriters from [3 years prior to Court order] until the trial of this case. In order to participate in the FLSA collective class, you must return a green consent form.

- The Court has not decided whether Provident did anything wrong. There is no money available now and no guarantee there will be.

- **Your legal rights may be affected by this lawsuit. You have a choice to make now.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **RETURN THE GREEN FORM**<br><br>**ASSERT YOUR FLSA CLAIMS**<br><br>~~**AND REMAIN A**~~<br><br>~~**MEMBER**~~<br>~~**OF THE CA CLASS**~~ | • If you worked at Provident as a mortgage underwriter between [date] and the present, you may be eligible to become a member of the FLSA collective class.<br><br>• If you would like to become a member of the FLSA collective class, <u>**you must fill out the Green Form enclosed with this Notice and return it by [INSERT DATE**</u>].<br><br>• By becoming a member of the FLSA collective class, you protect your ability to recover unpaid overtime and liquidated (double) damages that may come from a trial or a settlement of the lawsuit.<br><br>• ~~You agree to be represented by the Class Representative and to be bound by their decisions, as to the California class claims.~~ |
| **DO NOTHING**<br><br>~~**REMAIN A MEMBER OF THE CA CLASS**~~ | • ~~If you worked at Provident as a mortgage underwriter between December 17, 2008 and the present, you are automatically a part of the California class.~~<br><br>• ~~If you would like to remain a member of the California class, there is nothing further you need to do.~~ |
| ~~**EXCLUDE YOURSELF FROM THE LAWSUIT**~~ | • ~~If you do not want to participate in the lawsuit, do not complete the Green Form enclosed with this Notice.  Also, follow the exclusion procedure explained in Paragraph 13 below.~~<br><br>• ~~Retain the right to sue Provident yourself and give up the right to be a class and collective member in this lawsuit and the possibility of obtaining a recovery that may come from a trial or settlement of this lawsuit.~~ |

## BACKGROUND INFORMATION

### 1.  Why did I get this notice?

Provident's records reflect that you worked for Provident as a mortgage underwriter at some point between December 17, 2008[3 years prior to Court order] and the present.

The Court has certified a class and collective action lawsuit that may affect you.  A trial may be necessary to decide whether the claims being made against Provident on your behalf are correct or whether the defenses to those claims are correct.  The Honorable Garland E. Burrell, Jr. a District Court Judge in the United States District Court for the Eastern District of California, is overseeing this lawsuit.

### 2.  What is this lawsuit about?

On December 17, 2012 a case was filed against Defendant Provident Savings Bank on behalf of Named Plaintiff Gina McKeen-Chaplin and all other similarly situated individuals who worked as mortgage underwriters for Provident during the past four years.  Specifically, Plaintiff alleges that Provident misclassified mortgage underwriters as exempt employees and that Provident's failure to pay overtime to mortgage underwriters violated the law.  The case alleges that these individuals are owed overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, as well as the California Labor Code.  Plaintiff also alleges that Provident failed to provide required meal periods, and is liable for penalties because it did not provide accurate wage statements and did not timely pay all wages due.  Plaintiff alleges that Provident's violations of law amounted to unfair competition.

Defendants deny Plaintiffs' allegations and maintain that the Plaintiff and class members were properly classified as exempt employees and do not have claims under the FLSA or California law.

### 3.  What is a classcollective action and who is involved? ─────────────────── ──────────────── ─────

In a class action lawsuit, one or more individuals called "Class Representatives" sue on behalf of a group of other people who have similar claims.  In this case, Plaintiff is the Class Representative.  She brought a class action under California Law against Provident.  If you work or worked as a mortgage underwriter during the class period, you are automatically included in the class.  You do not have to file any documents to join the California class action. You can, however, exclude yourself from the class action, but you must do so by following the instructions in Paragraph 13, below.

### 4.  What is a collective action and how is it different from a class action? ─────────────

Like a class action lawsuit, inIn a collective action lawsuit, one or more individuals sue on behalf of others who have similar claims.  In this case, the Plaintiff also brought a collective action under the Fair Labor Standards Act against Provident on behalf of all those who worked as mortgage underwriters between [date] and the trial of this case.

The main difference between a class action and a collective action is that you are not automatically included in the FLSA collective even though you may have worked for Provident as a mortgage underwriter during the relevant time. In order to become a collective member, you must complete the Green Form enclosed with this Notice. You can participate in both the class action and the collective action if you worked as a mortgage underwriter at any time between [date] and the present, but only if you fill out and return the Green Form. If you join the collective, you may be required to

3

participate in discovery or appear at trial.  Other Provident ~~current and/or former~~ employees have already joined this case as members of the FLSA collective.

### ~~5.  Why is this lawsuit a class action?~~

~~The Court decided that this lawsuit can proceed as a class action because all of the requirements for bringing a class action in federal court were met. The Court has not yet made any decisions about the merits of the Plaintiffs' claims or Provident's defenses.~~

### ~~6.~~4.  Why is this lawsuit a collective action?

The Court decided that this lawsuit can be a collective action because it meets the requirements for bringing a collective action under the Fair Labor Standards Act.

### ~~7~~5.  What are Plaintiffs asking for?

Under federal law, the Plaintiffs in the FLSA collective are seeking to recover unpaid overtime wages for all hours worked over 40 per workweek, liquidated (double) damages under the FLSA, and interest. ~~Under California law, the Plaintiff and class members are seeking to recover unpaid overtime for hours worked over 8 in a day and 40 per workweek, meal period premiums for missed meal periods, and penalties for inaccurate wage statements and for Provident's failure to pay overtime wages in a timely manner. Plaintiffs are seeking attorneys' fees under state and federal law~~Plaintiffs are also seeking attorneys' fees.

## <u>WHO IS IN THE ~~CLASS AND~~ COLLECTIVE?</u>

### ~~8.  How do I know if I am part of the Class?~~

~~You are a member of the California class if you worked for Provident as a mortgage underwriter between December 17, 2008 and the present.~~

### ~~9~~6.  How do I know if I am part of the Collective?

You ~~are~~may be a member of the FLSA Collective if you worked for Provident as a mortgage underwriter from [date] to the present and if you either: (1) already joined this lawsuit by submitting a consent form prior to getting this Notice, or (2) complete the enclosed Green Form and return it on or before the date set forth in Paragraph ~~12~~9.  However, the statute of limitations continues to run on your claim until you join the case.  If you delay in returning your  Green Form, you may lose your rights under the FLSA.

### ~~10~~7.  I am still not sure if I am included.

If you are not sure whether you are included, you can contact ~~Class~~Plaintiff's Counsel, Nichols Kaster, LLP, at the phone number or address listed on Paragraph ~~12~~9.

### ~~11~~8.  Can Provident fire me or take other action against me because I am part of this case?

No.  The law prohibits Provident from retaliating against any class member for being part of this lawsuit. Therefore, Provident is prohibited from firing you or retaliating against you in any other manner because you choose to participate in this lawsuit.

## YOUR RIGHTS AND OPTIONS

**~~12~~9.  How do I join the FLSA collective?**

If you would like to be included in the FLSA collective, and you worked as a mortgage underwriter between [date] and the present, complete and return the Green Form enclosed with this Notice. The form must be mailed, faxed, or emailed to:

**Nichols Kaster, LLP**
**Attn:  Matthew C. Helland**
**One Embarcadero Center, Suite 720**
**San Francisco, CA 94111**
**Toll-Free Telephone: 1-877-448-0492 (no faxes to this number)**
**Fax: (612) 215-6870**
**Email: forms@nka.com**
Website: www.overtimecases.com

**Your Green Form must be postmarked by [INSERT DATE.]**

**~~13.  What do I do if I do not want to participate in the lawsuit?~~**

~~If you do not want to participate in the California class action, you must send a letter by mail, fax, or e-mail to Class Counsel identified in paragraph 12, stating "I wish to be excluded from the McKeen-Chaplin v. Provident Savings Bank, 2:12-cv-03035, class action."~~

~~**Your letter must be postmarked by  [INSERT DATE.]**~~

**~~14.  Why would I ask to be excluded?~~**

~~If you already have your own overtime or meal break lawsuit against Provident and want to continue to pursue it, you should ask to be excluded from the class as explained in Paragraph 13.  If you wish to sue Provident individually for unpaid overtime wages or meal period premiums, you should also ask to be excluded from the class.  If you decide to exclude yourself as explained in Paragraph 13, you will not have the right to any money or benefits from this lawsuit even if the Plaintiffs obtain them as a result of a trial or from a settlement.  You will not be legally bound by the Court's orders and judgments in this action and will retain the right to sue Provident individually.~~

~~If you file an individual lawsuit against Provident after you exclude yourself, you may have to hire and pay for your own lawyer to represent you.  If you wish to exclude yourself in order to file an individual lawsuit against Provident, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations.~~

**~~YOUR LEGAL REPRESENTATION IF YOU JOIN~~**

**~~15.  Do I have a lawyer in this case?~~**

~~The Court decided that the lawyers at the law firm of Nichols Kaster, LLP are qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. They are experienced in handling similar cases against other employers.  More information about Nichols Kaster, LLP, their practice, and their lawyers' experience is available at www.overtimecases.com.~~

**~~8~~**

**16.  Should I get my own lawyer?**

You do not need to hire your own lawyer because Class Counsel will be working on your behalf.  It is your decision whether to hire your own lawyer.  If you want to hire your own lawyer, you may have to pay that lawyer.  You can ask your own lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

**17.  How will the lawyers be paid?**

The Class Representative has entered into a contingency fee agreement with Class Counsel. Under this agreement, you are not responsible for paying out of pocket any of the attorneys' fees or costs expended in the lawsuit.  By returning the Green Form, you are agreeing to be bound by this agreement.  Class Counsel will be paid as follows: (1) if there is a settlement, Class Counsel may ask the Court to award it up to 1/3 of any recovery obtained; (2) if there is a trial and the Plaintiffs prevail, Class Counsel may ask the Court to award it 1/3 of the award and/or may ask the Court to order Provident to pay their attorneys' fees and costs separately, on top of the award to the Plaintiffs.

## THE TRIAL

**18.  How and when will the Court decide who is right?**

If the lawsuit is not resolved by a settlement or by the Court before trial, the Plaintiffs will have to prove their claims at a trial.  The trial would take place in the United States District Court for the Eastern District of California, 501 I St., Sacramento, CA 95814.  During the trial, a jury will hear evidence, including the testimony of witnesses, to help them reach a decision about whether the Plaintiffs are right about the claims in the lawsuit.  There is no guarantee that the Plaintiffs will prevail, or that they will be awarded any damages.  The Court has not set a date for the trial.

**19.  Do I have to come to trial?**

You are not required to attend the trial unless one of the parties asks you to be a witness at the trial.  If Class Counsel or Defendant's counsel believes that your testimony may be helpful to establishing important facts in the litigation, Class Counsel will contact you before the trial to provide more information regarding your participation in the trial.

## GETTING MORE INFORMATION

If you have any questions or would like additional information, please contact Class Counsel, whose contact information is provided in Paragraph 13.