UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA MCKEEN-CHAPLIN, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>    Plaintiff,<br><br>  v.<br><br>PROVIDENT SAVINGS BANK, FSB, and DOES 1-50, inclusive,<br><br>    Defendant. | 2:12-cv-03035-GEB-JFM<br><br>**ORDER DECERTIFYING PLAINTIFF'S CLASS UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(c)(1)(C) AND DENYING DEFENDANT'S MOTION TO STAY AS MOOT** |

    Defendant moves "for an Order staying the proceedings in this case . . . until the Ninth Circuit Court of Appeals decides Defendant's Rule 23(f) Petition for Permission to Appeal this Court's Order Granting Conditional Certification and Class Certification." (Def.'s Notice of Mot. and Mot. for Stay ("Def.'s Stay Mot.") 2:3-11[1], ECF No. 30.) Defendant further argues that "[i]n the event . . . the Ninth Circuit grants Defendant's Petition, . . . all proceedings [should be stayed] until the Ninth Circuit issues a final decision on the appeal and remands the case back to this Court." (Id. at 2:7-14.)

    After considering Defendant's stay argument that class certification was inappropriate in light of the factual record on

---

[1] All citations to Def.'s Stay Mot. utilize CM/ECF's pagination.

1

"(1) a common policy or practice with respect to alleged overtime work or (2) a damages measurement method that can be applied on a classwide basis," (id. at 7:11-13), the district court decides for the reasons stated below to decertify Plaintiff's state claims.

## I. BACKGROUND

Plaintiff filed a motion on June 17, 2013, to certify her state claims under Federal Rule of Civil Procedure ("Rule") 23 on behalf of a class of "all persons who have been employed by [Defendant] as mortgage underwriters in the State of California from December 17, 2008 until the trial of this action." (Pl.'s Notice of Mot. for Conditional Certification and Class Certification ("Pl.'s Class Mot.") 2:14-15, ECF 16.) Plaintiff's motion was granted, and a class certification order issued on the following claims: (1) failure to pay overtime compensation under Cal. Lab. Code §§ 510, 1194, 1198, and the Industrial Welfare Commission ("IWC") Wage Orders; (2) waiting time penalties under Cal. Lab. Code §§ 201–203; (3) failure to provide itemized wage statements under Cal. Lab. Code § 226; (4) failure to provide and/or authorize second meal periods under Cal. Lab. Code § 226.7; and (5) unfair business practices under Cal. Bus. & Prof. Code §§ 17200 et seq. (Order Granting Conditional Certification and Class Certification ("Class Certification Order"), ECF No. 25.)

## II. LEGAL STANDARD

"A district court may decertify a class at any time." Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 966 (9th Cir. 2009) (citing Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160

2

1  (1982)); see United Steel, Paper & Forestry, Rubber, Mfg. Energy,
2  Allied, 593 F.3d 802, 809 (9th Cir. 2010) ("[A] court retains the
3  flexibility to address problems with a certified class as they
4  arise."); Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or
5  denies class certification may be altered or amended before final
6  judgment."). When deciding whether proof on a class certification
7  "question is common or individual, a district court must
8  formulate some prediction as to how specific issues will play out
9  in order to determine whether common or individual issues
10 predominate in a given case." In re Wells Fargo Home Mortg.
11 Overtime Pay Litig., 268 F.R.D. 604, 610 (N.D. Cal. 2010)
12 (citations and quotation marks omitted).

### III. DISCUSSION

14         Reconsideration of the factual record reveals that
15 Plaintiff's class certification motion failed to satisfy the
16 predominance requirement of Rule 23(b)(3). The pertinent part of
17 this rule prescribes: "questions of law or fact common to class
18 members [must] predominate over any questions affecting only
19 individual members." Fed. R. Civ. Pro. 23(b)(3). "The
20 predominance inquiry focuses on 'the relationship between the
21 common and individual issues' and 'tests whether proposed classes
22 are sufficiently cohesive to warrant adjudication by
23 representation.'" Vinole v. Countrywide Home Loans, Inc., 571
24 F.3d 935, 944 (9th Cir. 2009) (citing Hanlon v. Chrysler Corp.,
25 150 F.3d 1011, 1022 (9th Cir. 1998)).

26         "Where the issues of a case 'require the separate
27 adjudication of each class member's individual claim or defense,
28 a Rule 23(b)(3) action would be inappropriate.'" Casida v. Sears

3

Holdings Corp., No. 1:11-cv-01052 AWI JLT, 2012 WL 3260423, at *7 (E.D. Cal. Aug. 8, 2012) (quoting Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1189 (9th Cir. 2001)). "Consider[ation of] whether 'questions of law or fact common to class members predominate' begins . . . with the elements of the underlying cause of action," Erica P. John Fund, Inc. v. Halliburton Co., 131 S. Ct. 2179, 2184 (2011), and "may 'entail some overlap with the merits of the plaintiff's underlying claim.'" Amgen Inc. v. Conn. Ret. Plans & Trust Funds, 133 S. Ct. 1184, 1194 (2013) (citing Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2551 (2011)).

The Class Certification Order found that common issues would predominate the litigation, stating, "Underwriters' overtime hours may also be proven with common proof and representative testimony." (Class Certification Order 5:25-26.) Defendant argues this ruling raises "serious legal questions" justifying a stay of the proceedings because "Plaintiff did not describe the testimony on which she would rely or the means of extrapolating the amounts of overtime worked by 58 class members dispersed among 13 different locations by anecdotal evidence from three individuals working in only 3 locations." (Def.'s Stay Mot. 6:9-12.) Plaintiff rejoins that the Court will not have to engage in individualized inquiries to determine whether Underwriters worked overtime, since she can establish liability through representative testimony, such as the declaration and deposition testimony she submitted in her class certification motion. (Pl.'s Reply in Supp. of Class Mot. 6:1-7:21, ECF No. 20.)

However, closer examination of Plaintiff's representative evidence evinces Plaintiff has not sustained her burden of showing it would be reasonable to infer that each class member worked overtime. Defendant counters Plaintiff's representative evidence with evidence from which inferences could be drawn that individual issues predominate, "the resolution of which depends upon how employees spend their time at work." In re Wells Fargo Home Mortg. Overtime Pay Litig., 268 F.R.D. at 611; Keller v. Tuesday Morning, Inc., 179 Cal. App. 4th 1389, 1396 (2009) (affirming decertification for lack of predominance where "the question of mandated management policies was subject to class-wide proof, yet the amount of time a manager spent performing these acts and his or her exercise of discretion are matters of individual inquiry"); cf. Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 774 (7th Cir. 2013) ("To extrapolate . . . would require that all [employees] . . . have done roughly the same amount of work, including the same amount of overtime work, and had been paid the same wage.").

Here, Plaintiff has not shown that Defendant's Underwriters worked the same approximate hours. Plaintiff gave deposition testimony that she did not keep records of the hours she worked, that she occasionally worked more than ten hours a day, regularly worked evenings and weekends, and never received second meal periods. (Dep. of Gina McKeen-Chaplin 13:6-9, ECF No. 19-3 ("McKeen-Chaplin Dep. #1"); Dep. of Gina McKeen-Chaplin 79:3-6, 80:10-24, ECF No. 17-11 ("McKeen-Chaplin Dep. #2").[2])

---

[2] Plaintiff's deposition has not been filed on the docket by either party in its entirety. The cited portions of Plaintiff's deposition are contained in two different filings made by the parties in connection with Plaintiff's class

5

1  Underwriter Karen Honour testified in deposition that she
2  regularly worked ten or more hours a day and worked without a
3  single meal period. (Dep. of Karen Honour 237:3 - 238:21, ECF No.
4  20-2; Decl. of Matthew C. Helland in Supp. of Pl.'s Class Mot.
5  ("Helland Decl."), Ex. 5, ECF No. 17-5.) Underwriter Kristi
6  Suarez declares that she also worked between ten and twelve hours
7  a day without receiving two meal periods. (Suarez Decl. ¶ 4, ECF
8  16-3.) However, Plaintiff has not demonstrated that the
9  referenced hours worked are similar to the hours Underwriters
10 worked at Defendant's other offices.

11         According to Defendant's Vice President of Operations,
12 Debra Baker, Defendant currently employs thirty to thirty-two
13 Underwriters in approximately thirteen different offices. (Dep.
14 of Debra B. Baker ("Baker Dep.") 16:15-17, 21:14, ECF No. 19-2.)
15 Plaintiff's class consists of at least an additional twenty-four
16 former Underwriters. (Pl.'s Class Mot. 19:3-10.) Underwriters'
17 workloads and production standards vary by office, depending on
18 the amount of business per location and size of the staff. (Baker
19 Dep. 74:5-75:13.) The record also indicates that Underwriters
20 have considerable autonomy in scheduling their work. Defendant's
21 Human Resources Director, Deborah Hill, testified that
22 Underwriters took meal and rest periods as they saw fit. (Dep. of
23 Deborah L. Hill ("Hill Dep.") 35:14-15, ECF No. 19-1.) Plaintiff
24 McKeen-Chaplin averred that she did not have day-to-day
25 supervision, (McKeen-Chaplin Dep. #2 74:23), was never instructed
26 as to an arrival time (id. at 73:24-74:2), and regularly worked
27 from home (id. at 80:14-18). Since Defendant classifies all

28 certification motion.

6

Underwriters as exempt, it does not record Underwriters' hours or track their meal periods. (Hill Dep. at 31:24 – 34:1; Helland Decl., Ex. 3, ECF No. 17-3.)

Apart from representative testimony, Plaintiff has not suggested how the district court could determine liability for overtime on a class-wide basis. (Pl.'s Reply in Supp. of Class Mot. 7:15-21). Plaintiff has shown a common question concerning whether Defendant misclassified Underwriters. (See Class Certification Order 5:16-17.) Nonetheless, reconsideration of the class certification decision reveals that, based on the present record, determining whether all Underwriters actually worked overtime will require an individualized inquiry into the work schedules of each class member. Without a showing that Plaintiff can prove class-wide liability via representative testimony or otherwise, individualized issues will predominate the litigation. See Purnell v. Sunrise Senior Living Mgmt., Inc., SA CV10-00897 JAK, 2012 WL 1951487, at *8 (C.D. Cal. Feb. 27, 2012) ("Because class members have had such different experiences regarding how they kept track of and took their meal breaks . . . questions of law or fact common to class members do not predominate.").

Plaintiff's class fails predominance not only on the unpaid overtime claim alleged under Cal. Lab. Code §§ 510, 1194, 1198, and the IWC Wage Orders, but also on the claims for failure to provide and/or authorize second meal periods under Cal. Lab. Code § 226.7, waiting time penalties under Cal. Lab. Code §§ 201-203, and unfair business practices under Cal. Bus. & Prof. Code §§ 17200 et seq. Plaintiff has not shown that employees in all of Defendant's offices worked a sufficient number of hours to

7

1  entitle them to second meal periods. Nor has Plaintiff shown that
2  common questions predominate the waiting time penalties claim,
3  since this claim is derivative of Plaintiff's overtime claim. For
4  the same reason, Plaintiff has not established predominance on
5  the unfair competition claim.
6        Since four of Plaintiff's five state claims have not
7  been shown suitable for class resolution, the district court
8  decertifies all class claims. Although common questions may
9  predominate Plaintiff's wage statement claim alleged under Cal.
10 Lab. Code § 226, Plaintiff has not shown that the claims, as a
11 whole, satisfy predominance, and Plaintiff premised her class
12 motion on certifying all state claims, (Pl.'s Class Mot. 2:12-
13 18). See Hawkins v. Comparet-Cassani, 251 F.3d 1230, 1238 (9th
14 Cir. 2001) (quoting U.S. Parole Comm'n v. Geraghty, 445 U.S. 388,
15 408 (1980)) ("The district court is not 'to bear the burden of
16 constructing subclasses' . . . ; rather, the burden is on
17 Plaintiffs to submit proposals to the court."). Since
18 "Plaintiff[] ha[s] not met [her] burden of showing that common
19 questions predominate, which is fatal to class certification
20 under Rule 23(b)(3)," the Court need not address the
21 "requirements of Rule 23(a) or the Rule 23(b)(3) requirement of
22 superiority." Moua v. Jani-King of Minn., Inc., No. 08-4942
23 ADM/JSM, 2010 WL 935758, at *2 (D. Minn. Mar. 12, 2010) (citing
24 Steering Comm. v. Exxon Mobile Corp., 461 F.3d 598, 601, 604 (5th
25 Cir. 2006)); see also Edwards v. Ford Motor Corp., No. 11-CV-
26 1058-MMA(BLM), 2012 WL 2866424, at *2, 4-11 (S.D. Cal. June 12,
27 2012) (declining to address other elements relevant to class
28 certification when predominance under Rule 23(b)(3) not met).

**IV.   CONCLUSION**

For the stated reasons, Plaintiff's state claims are decertified and Defendant's stay motion is denied since it is mooted by this ruling.

Dated:  October 29, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge