BLANK ROME LLP
Howard M. Knee (SBN 55048)
knee@blankrome.com
Michael L. Ludwig (SBN 173850)
ludwig@blankrome.com
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendant
PROVIDENT SAVINGS BANK, FSB

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gina McKeen-Chaplin, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>Provident Savings Bank, FSB, and DOES 1-50, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-03035-GEB-AC<br><br>**Joint Statement Re: Discovery Dispute (Provident's Motion to Compel)**<br><br>Date:　　January 21, 2015<br>Time:　　10:00 a.m.<br>Ctrm:　　26 |

074664.00204/95243906v.1

**JOINT STATEMENT RE: DISCOVERY DISPUTE (PROVIDENT'S MOTION TO COMPEL)**

Pursuant to Local Rule 251, counsel for the parties conferred on December 8, 2014 and thereafter regarding the discovery disputes that are the subject of this motion. The parties now submit this Joint Statement Re: Discovery Dispute. The parties are continuing their attempts to resolve the disputes, and will inform the Court if these issues or some of them are resolved prior to hearing.

## I.     Introduction

This case is a collective action under the Fair Labor Standards Act ("FLSA") involving alleged unpaid overtime. There are 19 current and former Provident employees who filed notices to opt-in to the lawsuit (the "Plaintiffs"). Of the 19 total Plaintiffs, one (Randall Jones) only has claims that are time-barred, another (Ryan Alcantra) never worked for Provident, three (Citlaly Gomez, Lynne Jensen and Wendy Spencer) filed notices of withdrawal from the lawsuit, and one (Dionna Kilstrom) is in the process of settling her claims separately.

Provident has taken the depositions of nine of the Plaintiffs. However, there are four remaining Plaintiffs who have refused to appear for depositions, including Kathy Archer, Tammy Gordon, Jessica Edwards, and Michelle Suttles. On 1/13/15, the Plaintiffs' counsel filed a Motion to Withdraw as counsel for these individuals citing an inability to communicate with them. Nevertheless, out of an abundance of caution, Provident seeks an order compelling these Plaintiffs to appear for depositions or be dismissed from the case.

## II.    Rule 251 Conference and Other Meet and Confer Efforts

On November 10, 2014 Provident's counsel emailed Plaintiffs' counsel requesting to schedule depositions for each of the Plaintiffs who had not yet been deposed. The request specifically sought dates for depositions for, among others, Kathy Archer, Tammy Gordon, Wendy Spencer, Jessica Edwards, and Michelle Suttles. A series of depositions were scheduled and completed during the first half of December but the Plaintiffs' counsel informed Provident's counsel that they were not able to produce the individuals who are the subject of this motion.

1    Accordingly, pursuant to Local Rules 251, on December 8, 2014 counsel for all
2 parties (Michael Ludwig for Provident and Matthew Helland and Daniel Brome for
3 the Plaintiffs) met and conferred in person for approximately thirty minutes regarding
4 the matter described herein.  Messrs. Helland and Brome confirmed that they were not
5 able to produce the subject plaintiffs for depositions because they were having
6 difficulty communicating with them.  Mr. Ludwig requested that these opt-in plaintiffs
7 file notices of withdrawal from the lawsuit, but Messrs. Helland and Brome said it
8 could be difficult to obtain signed withdrawals for them if the plaintiffs were
9 unwilling or unable to communicate with them.  Messrs. Helland and Brome
10 represented that they would continue to work toward a resolution of this issue.
11 Messrs. Helland and Brome also discussed filing a motion to withdraw as counsel for
12 these five plaintiffs, which they did file on 1/13/2015.

### III.     Statement of the Nature of the Action and Factual Disputes

This is an action for alleged unpaid overtime under the FLSA.  The Complaint also includes California wage and hour claims as to Gina McKeen-Chaplin only.  The Court initially certified the case as a class action lawsuit under Rule 23 as well as an FLSA collective action.  An FLSA Notice was sent to current and former Provident employees.  Nineteen current and former employees opted-in to the FSLA collective action.  The Court subsequently de-certified the Rule 23 class as to the California wage and hour claims.

After the Court de-certified the Rule 23 class, Plaintiffs' counsel filed a class action Complaint in the Superior Court of California for the County of Alameda (Case No. RG14726420) alleging the same California wage and hour claims that are alleged in this case and on behalf of the same individuals.  Provident brought a motion to strike the class action allegations from the Superior Court Complaint arguing that the plaintiffs were collaterally estopped from re-litigating the issue of class certification that already had been litigated and decided in this Court.  But the Superior Court denied the motion.  Accordingly, the California wage and hour claims (except as to

Gina McKeen-Chaplin) now are pending in *Neal, et al. v. Provident Savings Bank, FSB*, RG14726420 in Dept. 17 of the Alameda Superior Court and the only claims that remain at issue in this case are the FLSA claims of the opt-in plaintiffs and Gina McKeen-Chaplin's individual California claims.

Provident contends that its mortgage underwriters were and are exempt from overtime according to the administrative exemption. A court in the Southern District of Ohio recently held in *Lutz v. Huntington Bancshares, Inc.,* 2014 U.S. Dist. Lexis 86435 (S.D. Ohio) that mortgage underwriters like Provident's are exempt from overtime according to the administrative exemption.[1] Provident intends to distinguish other cases holding that mortgage underwriters are not exempt from overtime under the FLSA, including *Davis v. J.P Morgan Chase*, 587 F.3d 529 (2nd Cir. 2009) and *Bollinger v. Residential Capital*, 761 F. Supp. 2d 1114 (W.D. Wash. 2011). Provident contends that *Davis* and *Bollinger* are not binding on this Court, were incorrectly decided, and are factually distinguishable from the instant case in any event. For example, in *Davis* the court found that the mortgage underwriters' "primary duty was to sell loan products," but Provident's mortgage underwriters, in contrast, did not sell loan products at all.

## IV. Requests and Responses

Local Rule 251(e) provides that no joint statement regarding discovery disagreement is required where there has been <u>a complete and total failure to respond to a discovery request</u>. Here, opt-in plaintiffs Kathy Archer, Tammy Gordon, Jessica Edwards, and Michelle Suttles have refused to appear for depositions. Plaintiffs' counsel filed a motion to withdraw as their attorneys citing an inability to communicate with them. If that is the case, and discovery is now closed, then they should be dismissed from the lawsuit. In the alternative, pursuant to Federal Rule of Civil Procedure 37(b) and (d), Provident requests that opt-in plaintiffs Kathy Archer,

---

[1] The *Lutz* case is on appeal to the Sixth Circuit and we believe it is fully briefed.

1  Tammy Gordon, Jessica Edwards, and Michelle Suttles be ordered to appear for
2  depositions within 21 days or be dismissed from the lawsuit.

3  **V.      Plaintiffs' Contentions**

4       The undersigned counsel has been unable to communicate with these
5  individuals (Kathy Archer, Jessica Edwards, Tammy Gordon, Wendy Spencer, and
6  Michelle Suttles). Given these Plaintiffs' failure to respond to counsel's
7  correspondence, continued representation has become impossible, and so Counsel
8  filed a Motion to Withdraw as Counsel. (Dkt. No. 57.) In light of these circumstances,
9  Counsel takes no position on Defendant's motion to compel.

12  DATED:  January 14, 2015          BLANK ROME LLP

14                                     By: /s/ Michael L. Ludwig
15                                         MICHAEL L. LUDWIG
                                       Attorneys for Defendant Provident Savings
16                                       Bank, FSB

17  DATED:  January 14, 2015          NICHOLS KASTER LLP

19                                     By: /s/ Matthew Helland
20                                         MATTHEW HELLAND
                                       Attorneys for Plaintiffs and those similarly
21                                       situated