1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GINA MCKEEN-CHAPLIN, individually,          No.  2:12-cv-03035 GEB AC
      on behalf of all others similarly situated,
12    and on behalf of the general public,

13                 Plaintiffs,                     ORDER

14           v.

15    PROVIDENT SAVINGS BANK, FSB,

16                 Defendant.

17

18           On January 21, 2015, the court held a hearing on plaintiffs' motion to compel.  Matthew

19    Helland and Daniel Brome appeared on behalf of plaintiffs and Michael Ludwig appeared on

20    behalf of defendant.  On review of the motions, the documents filed in support and opposition,

21    upon hearing the arguments of plaintiffs and counsel, and good cause appearing therefor, THE

22    COURT FINDS AS FOLLOWS:

23                                  FACTUAL BACKGROUND

24           Plaintiffs in this action are a group of current and former mortgage underwriters employed

25    by defendant.  ECF No. 60 at 7.[1]  Plaintiffs allege that defendant misclassified them as exempt

26    according to the standards set forth in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

27    

28    ───────────────────
      [1]  Page numbers reflect the pagination used in the court's electronic filing system where available.

                                              1

1   216(b).  ECF No. 1 at 1.  Plaintiffs allege that defendant, as a result of this misclassification,

2   violated the FLSA's requirements that it pay all wages due, pay appropriate overtime

3   compensation, provide meal and rest periods, pay waiting penalties, and provide accurate wage

4   statements.  Id.  Defendant, on the other hand, alleges that plaintiffs qualified as exempt because

5   their job duties were directly related to the company's management and general business

6   operations.  Id.  Plaintiffs contend that their work was not managerial but administrative in nature,

7   as it was tightly constrained by employer-issued guidelines.  Id. at 1–2.

8                              PROCEDURAL BACKGROUND

9        On December 17, 2012, plaintiff Gina McKeen-Chaplin filed a complaint on behalf of

10   herself, all others similarly situated, and the general public.  ECF No. 1 at 1.  Plaintiffs' complaint

11   contains claims against defendant for failure to pay overtime compensation in violation of the

12   Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., California Labor Code §§ 510,

13   1194, 1198, and Industrial Welfare Commission ("IWC") Wage Orders; waiting time penalties

14   under California Labor Code §§ 201–03; failure to provide itemized wage statements in violation

15   of California Labor Code §§ 226; failure to provide and/or authorize meal and rest periods in

16   violation of California Labor Code § 226.7; and violation of California Business and Professions

17   Code §§ 17200 et seq.

18        On January 8, 2013, defendant filed an answer.  ECF No. 6.  On January 18, 2013,

19   defendant filed a superseding first amended answer.  ECF No. 8.  Plaintiffs filed notices of

20   consent to participate in this matter from Kristi L. Suarez, Ryan Alcantra, and Karen Honour on

21   January 31, 2013, February 11, 2013, and February 19, 2013, respectively.  ECF Nos. 9–11.  On

22   May 20, 2013, plaintiffs filed their motion for conditional class certification under 29 U.S.C. §

23   216(b) and class certification under Federal Rule of Civil Procedure 23.  ECF No. 16.  On August

24   12, 2013, the court granted plaintiffs' motion, certifying their state law claims as class actions and

25   their FLSA claims as collective actions.  ECF No. 25.  From September 16, 2013, to October 28,

26   2013, plaintiffs filed sixteen (16) additional notices of consent.  ECF Nos. 33–36, 38, 39, 41, 44,

27   45.  On October 30, 2013, the court decertified plaintiffs' class under Federal Rule of Civil

28   Procedure 23, while maintaining plaintiffs' federal claims as collective actions.  ECF No. 46.

1    On December 15, 2014, plaintiffs filed their motion to compel the production of

2  responsive documents.  ECF No. 52.  On December 24, 2014, defendant filed its own motion to

3  compel discovery responses, production of documents, and appearance for depositions.  ECF No.

4  53.  On December 29, 2014, the court issued a minute order setting the hearing for both motions

5  to compel for January 21, 2015.  ECF No. 54.

6    On January 13, 2015, counsel for plaintiffs filed a motion to withdrawal as attorney for

7  plaintiffs Ryan Alcantra, Kathy Archer, Jessica Edwards, Tammy Gordon, Wendy Spencer, and

8  Michelle Suttles.  ECF No. 57.  Counsel for plaintiffs explained that the foregoing plaintiffs had

9  failed to respond to numerous attempts to contact them, making continued representation

10  impossible.  Id. at 2.  The next day, plaintiffs filed a notice of withdrawal from the lawsuit signed

11  by plaintiff Wendy Spencer.  ECF No. 58.  On the same day, the parties filed joint statements for

12  their respective motions to compel.  ECF Nos. 59–60.  In the parties' joint statement regarding

13  plaintiffs' motion to compel (hereinafter "Plaintiffs' JS") plaintiffs request that the court compel

14  defendant to produce documents responsive to plaintiffs' Requests for Production Nos. 6, 8, 10,

15  13, 15, 21– 23, and 29.  ECF No. 60 at 8–12.  In the parties' joint statement regarding defendant's

16  motion to compel (hereinafter "Defendant's JS") defendant requests that the court compel

17  plaintiffs to produce plaintiffs Kathy Archer, Jessica Edwards, Tammy Gordon, and Michelle

18  Suttles for deposition while acknowledging that counsel has filed a motion to withdrawal from

19  representation of them.  ECF No. 59.  On January 20, 2015, plaintiffs filed a notice of withdrawal

20  from the lawsuit signed by plaintiff Randall Jones.  ECF No. 63.

21                                    DISCOVERY BACKGROUND

22    The parties do not include a comprehensive history of their discovery to date in either of

23  their joint statements.  Plaintiffs' JS does, however, include correspondence between the parties

24  addressing their discovery disputes.  ECF No. 60-2 at 1–85.  When these documents are read in

25  conjunction with the facts alleged by the parties, a somewhat disjoined discovery timeline can be

26  constructed.

27    Plaintiffs first propounded their requests for production upon defendant in January 2013.

28  ECF No. 60 at 22.  Shortly thereafter, the parties suspended discovery for an undisclosed duration

to pursue mediation.  Id.  The next communication between counsel referenced in the joint

statements occurred on June 18, 2014.  ECF No. 60-2 at 14–19.  On that date, plaintiffs' counsel

sent defendant's counsel a letter detailing alleged deficiencies in defendant's discovery responses.

Id.  The letter from plaintiffs' counsel notes, among other things, that defendant had asserted

attorney-client privilege regarding Requests for Production Nos. 7, 8, 9, 13, 14, 28, 29, and 33.

Id. at 16.  Although the parties do not supply defendant's response to plaintiffs' letter, a

subsequent email from plaintiffs to defendant implies that defendant supplied another response in

the beginning of August 2014.  Id. at 21.  The parties continued to meet and confer on a regular

basis regarding these issues until December 2014.  Id. at 1–85.

Although the parties do not include copies of plaintiffs' original requests for production or

defendant's original response, they do replicate the relevant requests for production along with

defendant's objections.

> **Request for Production 6:** All records, in electronic, delimited, and importable format, identifying or describing the days and hours worked by Plaintiffs including, but not limited to, timesheets, schedules, time detail reports, time-stamped documents, security logs, security badge records, time recordation files, and card access data.
>
> **Response:** Defendant has made a diligent search and a reasonable inquiry in an effort to locate the items requested for Plaintiffs Gina McKeen-Chaplin, Karen Honour, and Kristi Suarez. Defendant is unable to comply with this request because at the present time because Defendant has not identified any such documents. Defendant's discovery and investigation are continuing. Defendant also made a diligent search and a reasonable inquiry in an effort to locate the items requested for Ryan Alcantra. Defendant is unable to produce the requested items for Ryan Alcantra because Defendant believes that no such documents ever existed.
>
> **Supplemental Response:** Defendant has made a diligent search and a reasonable inquiry in an effort to locate the items requested for Plaintiffs who opted-in to the FLSA Collective following service of the Original Responses. However, Defendant is unable to comply with this Request because Defendant has not identified any such documents, and does not believe that any such documents ever existed.
>
> **Request for Production 8:** All documents identifying or describing any changes in Defendant's policies, procedures, or methods of compensating mortgage underwriters. Response: Defendant objects to this request on the grounds that (1) it is overly broad as to time to the extent it seeks documents prior to December

4

17, 2009; (2) it seeks documents that are not relevant to any party's claim or defense; and (3) it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine. Notwithstanding the foregoing objections, and without waiting them, Defendant responds as follows: Defendant will comply with this request by producing true and correct copies of non-privileged documents describing any changes in Defendant's policies, procedures, or methods of compensating mortgage underwriters since December 17, 2009. [Initial response, served March 25, 2013.]

**Request for Production 10:** All documents used by mortgage underwriters in the performance of their job duties including, but not limited to, manuals, handbooks, guidelines, polices (sic), or procedures.

**Response:** Defendant will comply with this request by producing true and correct copies of manuals, handbooks, guidelines, polices, or procedures used by mortgage underwriters in the performance of their job duties. [Initial response, served March 25, 2013.]

**Request for Production 13:** All documents identifying, describing, or referring to any production goals or requirements placed on Plaintiffs, including but not limited to the number of loans to be underwritten on a daily, weekly, monthly, or yearly basis.

**Response:** Defendant objects to this request to the extent it seeks the production of documents protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine. Notwithstanding the foregoing objections, and without waiving them, Defendant responds as follows: Defendant will comply with this request by producing true and correct copies of non-privileged documents describing the Plaintiffs' production goals. [Initial response, served March 25, 2013.]

**Request for Production 15:** All documents used to review or assess the job performance of mortgage underwriters.

**Response:** Defendant will comply with this request by producing a true and correct copy of a template of a performance review used to assess the job performance of mortgage underwriters. [Initial response, served March 25, 2013.]

**Request for Production 20:** All documents relating to Defendant's underwriting policies, procedures, or guidelines in place during Plaintiffs' employment.

**Response:** Defendant objects to this request to the extent that it seeks the production of documents prior to December 17, 2009. Notwithstanding the foregoing objections, and without waiving them, Defendant responds as follows: Defendant will comply with this request by producing true and correct copies of any underwriting policies, procedures or guidelines in effect since December 17, 2009. [Initial response, served March 25, 2013.]

**Request for Production 21:** All documents relating to changes made to Defendant's underwriting policies, procedures, or guidelines in place during Plaintiffs' employment.

**Response:** Defendant objects to this request to the extent that it seeks the production of documents prior to December 17, 2009. Notwithstanding the foregoing objections, and without waiving them, Defendant responds as follows: Defendant will comply with this request by producing true and correct copies of any underwriting policies, procedures or guidelines in effect since December 17, 2009. [Initial response, served March 25, 2013.]

**Request for Production 22:** All documents containing, identifying, or describing communications between Plaintiffs and Defendant regarding Plaintiffs' compensation, meal and rest breaks, hours worked, hours recorded, or overtime. This includes, but is not limited to, memoranda, notes, emails, and any other communications.

**Response:** Defendant will comply with this request by producing true and correct copies of responsive documents for those Plaintiffs Gina McKeen-Chaplin, Karen Honour, and Kristi Suarez. Defendant made a diligent search and a reasonable inquiry in an effort to locate the items requested for Ryan Alcantra. Defendant is unable to produce the requested items for Ryan Alcantra because Defendant believes that no such documents ever existed. [Initial response, served March 25, 2013.]

**Supplemental Response:** Defendant will comply with this request by producing true and correct copies of responsive documents for those Plaintiffs who opted-in to the FLSA Collective following service of the Original Responses. [Supplemental response, served August 13, 2014.]

**Request for Production 23:** All documents containing, identifying, or describing communications between Plaintiffs and Defendant regarding the performance of Plaintiffs' job duties. This includes, but is not limited to, memoranda, notes, emails, and any other [communications.]

**Response:** Defendant will comply with this request by producing true and correct copies of responsive documents for Plaintiffs Gina McKeen-Chaplin, Karen Honour, and Kristi Suarez. Defendant made a diligent search and a reasonable inquiry in an effort to locate the items requested for Ryan Alcantra. Defendant is unable to produce the requested items for Ryan Alcantra because Defendant believes that no such documents ever existed. [Initial response, served March 25, 2013.]

**Supplemental Response:** Defendant will provide the requested documentation to the extent that it is contained within the personnel files it is producing to Plaintiffs. Defendant will produce true and correct copies of the personnel files for those Plaintiffs who opted-in to the FLSA Collective following service of the Original Responses. [Supplemental response, served August 13, 2014.]

**Request for Production 29:** All documents that identify, describe, or relate to any claim or defense that Defendant will rely upon in any way to attempt to prove that its classification of Plaintiffs was performed with a good faith reasonable belief that Defendant was complying with wage and hour laws. This Request seeks all documents that Defendant will use for a good-faith defense and/or that Defendant claims precludes a finding of willfulness and/or liquidated damages as to the violations alleged.

**Response:** Defendant objects to this request on the grounds that (1) it is premature because Defendant has not yet completed its investigation and/or discovery of this matter and has not yet identified which documents it will rely on; (2) it seeks the production of documents that are protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine; and (3) it does not describe with "reasonable particularity" the category of times (sic) to be produced as required by FRCP 34(b)(1)(A). [Initial response, served March 25, 2013.]

Id. at 8–12.

## LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Generally, the scope of discovery under Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance . . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Conversely, when the relevancy of the discovery is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.

Floyd v. Grannis, No. CIV S-08-2346WBSKJM, 2010 WL 2850835, at *1 (E.D. Cal. July 19, 2010) (citing Cardenas v. Dorel Juvenile Grp., Inc., 232 F.R.D. 377, 382–83 (D. Kan. 2005)).

7

1   However, the court must limit discovery when "the burden or expense of the proposed discovery

2   outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C)(iii).  The court may also limit the extent

3   of discovery to protect a party or person from annoyance, embarrassment, oppression, undue

4   burden or other improper purposes.  Fed. R. Civ. P. 26(c)(1), 26(g)(1)(B)(ii).

5                                                          ANALYSIS

6   I.        Defendant's Motion to Compel

7              The court finds that defendant's motion to compel should be granted in the interest of

8   advancing this matter efficiently.  Defendant requests in its JS that the court compel plaintiffs

9   Kathy Archer, Tammy Gordon, Jessica Edwards, and Michelle Suttles to appear for deposition.

10  ECF No. 59.  Apparently, plaintiffs' counsel has been unable to produce these plaintiffs for

11  deposition because they have refused to respond to all attempts to communicate with them.  ECF

12  No. 57.  Plaintiffs do not exactly oppose defendant's motion to compel.  ECF No. 59 at 4.

13  Indeed, at the court's January 21, 2015 hearing, the parties agreed that an order compelling

14  plaintiffs Kathy Archer, Jessica Edwards, Tammy Gordon, and Michelle Suttles to appear for

15  deposition is the most efficient way to secure their withdrawals if they no longer wish to

16  participate in this lawsuit.  If these individuals wish to remain plaintiffs, defendant has the right to

17  depose them.  If they withdraw, the need for their depositions will be obviated.  Accordingly, the

18  court will grant defendant's motion to compel plaintiffs Kathy Archer, Jessica Edwards, Tammy

19  Gordon, and Michelle Suttles to appear for deposition within twenty-one (21) days of the service

20  of this order.

21  II.       Plaintiffs' Motion to Compel

22            A.        Guidelines

23            The court finds that plaintiffs' motion to compel should be granted as to communications

24  related to defendant's guidelines.  Plaintiffs ask the court to compel defendant to produce emails

25  discussing updates to mortgage underwriter guidelines, which describe the criteria borrowers

26  must meet to qualify for a given loan product.  ECF No. 60 at 12–13.  Defendant does not dispute

27  that the guidelines themselves are relevant.  Nevertheless, defendant has thus far refused to

28  produce the emails in question because it contends that the request is unduly burdensome in light

                                                            8

1    of the fact that the information contained in these emails is duplicative of guidelines that are

2    accessible online.  Id. at 28.  According to defendant, in order to find these emails it would have

3    to search through each plaintiffs' email inbox.  Id. at 29.

4            The court finds that production of the emails in question is not unduly burdensome in

5    relation to their utility to plaintiffs.  Emails discussing the guidelines used by mortgage

6    underwriters are certainly relevant on their face to plaintiffs' claims.  See Hill v. R+L Carriers,

7    Inc., 690 F. Supp. 2d 1001, 1005–06 (N.D. Cal. 2010) (noting that plaintiff's employee manual

8    supported his position that he did not exercise "sufficient discretion and independent judgment to

9    be exempt").  Although defendant claims that these emails only contain information already

10   available to plaintiffs, neither plaintiffs nor the court have any way of verifying this contention

11   until the communications are produced.  Just as importantly, defendant does not explain how it

12   could know what information these emails contain in light of the fact that it has yet to find them.

13   Finally, plaintiffs' request that defendant search through their email inboxes is not sufficiently

14   burdensome to justify defendant's objection.  See Pham v. Wal-Mart Stores, Inc., No. 2:11-CV-

15   01148-KJD, 2011 WL 5508832, at *5 (D. Nev. Nov. 9, 2011) (finding that a document request

16   requiring "just over 56 hours" to review and locate responsive information was not an undue

17   burden).  Accordingly, the court will grant plaintiffs' motion with respect to emails discussing

18   mortgage underwriter guidelines.

19           B.      Forms and Spreadsheets

20           The court does not reach plaintiffs' motion to compel the production of spreadsheets, as

21   plaintiffs withdrew this portion of their motion at the court's January 21, 2015 hearing.  In

22   Plaintiffs' JS, they argued that defendant should be compelled to produce the original forms that

23   underwriters use in the performance of their job duties.  Id. at 13.  Although defendant had

24   produced these documents in pdf form, plaintiffs argued that the original electronic form includes

25   the formulas and functions used by the underwriters in the performance of their duties.  Id.

26   Plaintiffs requested in their JS that the court compel defendant to produce these documents in the

27   event that defendant did not produce them by the court's January 21, 2015, hearing.  Id. at 14.

28   However, plaintiffs' counsel conceded at hearing that defendant had, in fact, recently produced

9

1  the requested spreadsheets and accordingly withdrew plaintiffs' motion to compel with respect to

2  the spreadsheets.

3      C.      Emails

4      The court finds that defendant has not met its obligation to conduct a reasonable search for

5  emails responsive to Requests for Production Nos. 22 and 23 and accordingly grants plaintiffs'

6  motion to compel. [2]

7      Plaintiffs and defendant tell differing accounts of the discovery that has taken place

8  regarding emails responsive to Requests for Production Nos. 22 and 23, although both agree that

9  the requests seek relevant documents.  According to plaintiffs, defendant has so far failed to

10 produce almost any emails in response to Requests for Production Nos. 22 and 23 despite the fact

11 that it has had more than a year to do so.  ECF No. 60 at 14.  Plaintiffs further allege that

12 defendant's supervisors have admitted in depositions to communicating with mortgage

13 underwriters regarding work hours and job duties.  Id.  Plaintiffs even claim to have supplied

14 defendant with examples of such emails.  Id.  In light of defendant's considerable delay, plaintiffs

15 request that the court compel it to produce the emails in question.  Id.

16     Defendant, on the other hand, claims that no emails related to Request for Production No.

17 22 exist because plaintiffs were classified as exempt until June 2014.  Id. at 30.  With respect to

18 Request for Production No. 23, defendant merely states that it has already produced plaintiffs'

19 personnel files, which contain "documents regarding performance of their job duties, including

20 performance reviews, counseling documents or write-ups and the like."  Id. at 29–30. [3]

21     The court understands plaintiffs to contend that defendant has not engaged in a reasonable

22 search for emails responsive to their requests.  Parties are required to produce documents that are

---

[2]  Request for Production No. 22 seeks communications related to compensation, meal and rest breaks, hours worked, hours recorded, or overtime; and Request for Production No. 23 seeks documents describing communications between plaintiffs and defendant regarding the performance of plaintiffs' job duties.  ECF No. 60 at 11.

[3]  Defendant's portion of Plaintiffs' JS spends most of its time arguing that the court should not compel it to produce emails using search terms plaintiffs suggested in a November 13, 2014, letter.  Id. at 31.  However, plaintiffs never actually request that the court compel defendant to use the search terms they suggested.  Accordingly, the court expresses no opinion on the search terms defendant should use to find responsive documents.

1   in their "possession, custody or control."  Rule 34(a)(1).  "[A] party responding to a Rule 34

2   production request is under an affirmative duty to seek that information reasonably available to it

3   from its employees, agents, or others subject to its control."  <u>A. Farber & Partners, Inc. v. Garber</u>,

4   234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted).  A reasonable

5   inquiry requires, "at a minimum, a reasonable procedure to distribute discovery requests to all

6   employees and agents of the [party] potentially possessing responsive information, and to account

7   for the collection and subsequent production of the information to [the opposing party]."  <u>Id.</u>

8   (quoting <u>Nat'l Ass'n of Radiation Survivors v. Turnage</u>, 115 F.R.D. 543, 556 (N.D. Cal. 1987)).

9   Where a party does not have responsive documents, it must come forward with an explanation of

10  the search conducted "with sufficient specificity to allow the court to determine whether the party

11  made a reasonable inquiry and exercised due diligence."  <u>Rogers v. Giurbino</u>, 288 F.R.D. 469,

12  485 (S.D. Cal. 2012).  Information regarding the search conducted should be provided through

13  declarations under oath detailing the nature of the efforts to locate responsive documents.  <u>See</u>

14  <u>Meeks v. Parsons</u>, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, at * 4 (E.D. Cal. Sept. 18,

15  2009) (citing <u>A. Farber & Partners Inc.</u>, 234 F.R.D. at 190).

16          Defendant alleges that it does not have emails responsive to plaintiffs' requests, but it does

17  not explain what it has done in order to find them.  Accordingly, the court finds that defendant

18  has not met its burden in establishing a reasonable inquiry and grants plaintiffs' motion to

19  compel.

20          D.      <u>Production Reports</u>

21          The court finds that communications concerning production reports are responsive to

22  Requests for Production Nos. 15 and 23 and accordingly grants plaintiffs' motion to compel.

23  Plaintiffs argue in their JS that defendant should be compelled to produce the production reports

24  in their original form along with all communications related to them.  ECF No. 60 at 15.

25  Production reports are documents drafted by defendant's supervisors showing how many loans

26  plaintiffs approved over a given time.  <u>Id.</u> at 34–35.  Defendant argues that producing these

27  reports would be unduly burdensome in light of the fact that they are simply monthly versions of

28  weekly reports that have already been provided to plaintiffs.  <u>Id.</u>  Further, defendant argues that it

11

1    should not be required to produce responsive communications because the only communications

2    that exist are those conveying the reports from one employee to another.  Id.

3         At the court's hearing plaintiffs conceded that defendant had recently produced the

4    monthly production reports in their original format as requested.  Defendant has still not,

5    however, produced the emails that attached the production reports.  The court finds that these

6    emails, which attach information concerning plaintiffs' job performance, are responsive to

7    Request for Production No. 23.  Accordingly, the court grants plaintiffs' motion to compel as to

8    the production reports and emails discussing them.

9         E.    Discussion Regarding Misclassification

10        For the reasons discussed below, the court finds that plaintiffs have not established

11   defendant's waiver of attorney-client privilege and accordingly denies its motion to compel as to

12   the documents identified as privileged at ECF No. 60, pp. 36-37.  Nevertheless, because the court

13   is not satisfied that defendant has made a reasonable inquiry into the existence of non-privileged

14   responsive documents, it also orders defendant to file an affidavit within ten (10) days detailing

15   its efforts to find non-privileged documents responsive to Requests for Production Nos. 8 and 29.

16        Plaintiffs request that the court compel defendant to produce attorney-client privileged

17   communications related to the reclassification of its employees from exempt to non-exempt.  ECF

18   No. 60 at 16.  Plaintiffs argue that defendant has waived any claim of privilege by (1) putting the

19   advice of its attorneys in issue in this litigation, and (2) failing to provide a timely and complete

20   privilege log.  Id. at 16–24.  Defendant argues that plaintiffs' motion should not be granted

21   because (1) it has not waived its attorney client privilege, and (2) plaintiffs' discovery request is

22   not reasonably calculated to lead to the discovery of admissible evidence in light of Federal Rule

23   of Evidence 407.  Id. at 40–43.

24             i.    Putting the Advice of Counsel in Issue

25        Plaintiffs' argument that defendant waived the attorney client privilege by asserting a

26   good faith affirmative defense is unconvincing.  Although defendant argues that it classified

27   plaintiffs as exempt in good faith, it does not allege that it relied upon the advice of counsel in

28   making its good faith determination.  ECF No. 60 at 37.  Defendant must support its good faith

12

defense by citing the advice of counsel in order to put it in issue.[4]   See Harter v. CPS Sec. (USA), Inc., No. 2:12-CV-00084-MMD, 2013 WL 3108947, at *4 (D. Nev. June 18, 2013) aff'd, No. 2:12-CV-00084-MMD, 2013 WL 5882712 (D. Nev. Oct. 30, 2013) (holding that defendant did not put the advice of its attorney in issue because it never alleged that it relied upon that advice); accord Abbe v. City of San Diego, No. 05CV1629DMS(JMA), 2007 WL 4146696, at *17 (S.D. Cal. Nov. 9, 2007) aff'd sub nom. Abbe v. v. City of San Diego, Cal., 444 F. App'x 189 (9th Cir. 2011).  Accordingly, the court finds that defendant has not put the advice of its counsel in issue and thereby waived any claim to attorney-client privilege.

ii.   Failure to Provide a Timely and Complete Privilege Log

Plaintiffs also argue that defendant has waived its attorney client privilege by refusing to produce a timely and complete privilege log.  ECF No. 60 at 20–21.  Under Federal Rule of Civil Procedure 34(b)(2)(A), "the party to whom [a production request] is directed must respond in writing within 30 days after being served."  Rule 26(b)(5) provides that, when claiming a privilege, a party must:

> (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. Pro. 26(b)(5).

In analyzing how Rule 34 and Rule 26(b)(5) interact, the Ninth Circuit in Burlington Northern & Santa Fe Ry. Co. v. United States, 408 F.3d 1142 (9th Cir. 2005) held that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."  Id. at 1149.  However, the Burlington court rejected a "per se waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit."  Id. at 1149.  Instead, the Ninth Circuit

---

[4]  The only case plaintiffs cite for the proposition that pleading a good faith defense is sufficient in and of itself to put the advice of counsel in issue is Favors v. Cuomo, 285 F.R.D. 187, 199 (E.D.N.Y. 2012), a case that does not concern the FLSA and was not decided by a court in this circuit.

13

1  instructed district courts, using the 30–day period of Rule 34 as a default guideline, to "make a

2  case-by-case determination" using the following factors:

3          (1) the degree to which the objection or assertion of privilege
           enables the litigant seeking discovery and the court to evaluate
4          whether each of the withheld documents is privileged (where
           providing particulars typically contained in a privilege log is
5          presumptively sufficient and boilerplate objections are
           presumptively insufficient);
6          (2) the timeliness of the objection and accompanying information
           about the withheld documents (where service within 30 days, as a
7          default guideline, is sufficient);
           (3) the magnitude of the document production; and
8          (4) other particular circumstances of the litigation that make
           responding to discovery unusually easy (such as, here, the fact that
9          many of the same documents were the subject of discovery in an
           earlier action) or unusually hard.
10

11  Id. at 1149.

12          Plaintiffs argue that the first factor favors waiver because the privilege log that defendant

13  provided does not adequately specify what documents it is alleging are privileged.  ECF No. 60 at

14  22.  Rule 26(b)(5) requires a party that wishes to withhold documents based on privilege to

15  expressly claim that privilege and describe the nature of the documents, communications or

16  things not produced.  The privilege log that plaintiffs refer to was produced by defendant on

17  October 20, 2014, in response to plaintiffs' June 18, 2014, letter.[5]  ECF No. 60 at 22.  This

18  privilege log does not refer to any documents specifically.  ECF No. 60 at 20 (claiming as

19  privileged "[a]ll attorney-client communications, correspondence, and emails" between defendant

20  and its attorneys).  Defendant produces a more detailed privilege log in Plaintiffs' JS that names

21  specific communications between defendant and counsel, including: (1) "[e]-mail dated May 30,

22  2014," (2) "[e]-mail dated May 30, 2014," and (3) "[e]-mail dated May 30, 2014."  Id. at 36–37.

23  Although defendant's initial October 2014 privilege log was insufficient by virtue of the fact that

24  it did not allow plaintiffs to assess the applicability of the attorney-client privilege, the

25  supplemental log cures that deficiency.  The supplemental log reveals that the documents at issue

26  ───────────────
27  [5]  Plaintiffs' production request was actually made in January 2013, however, the parties put
    litigation on hold for an unspecified amount of time to pursue mediation.  ECF No. 60 at 22.
    Plaintiffs imply that discovery between the parties next resumed in June 2014, as they do not
28  point to any other discovery-related communications before then.  Id.

14

1   are communications between defendant and counsel concerning defendant's reclassification of its

2   employees.  Accordingly, defendant has provided information sufficient to allow the court to

3   substantiate its claim of privilege.

4        The second factor also does not support waiver.  As explained above, defendant did not

5   respond to plaintiffs' requests for production with a sufficient privilege log until January 14,

6   2015.  Nevertheless, defendant seems to have objected to plaintiffs' discovery requests much

7   earlier.  See ECF No. 60-2 at 61.  The court has no way of knowing for certain when defendant

8   first raised the attorney-client privilege because plaintiffs have not fully reproduced defendant's

9   responses to date.  Based on the earliest discovery correspondence mentioned in Plaintiffs' JS it

10  seems as though plaintiffs have had to wait approximately seven months for a proper privilege log

11  from defendant.  See id. at 14–19.  Although this certainly establishes that defendant's response

12  was not timely, such a delay is not so unreasonable that waiver of its attorney-client privilege is

13  justified.  See Carl Zeiss Vision Intern. Gmbh v. Signet Armorlite Inc., 2009 WL 4642388 *4

14  (S.D. Cal. Dec.1, 2009) (finding that a privilege log arriving 9 months late weighed in favor of

15  the party seeking waiver, but ultimately finding no waiver).

16       The magnitude of the document production in this case also weighs against waiver of

17  defendant's attorney-client privilege.  So far, defendant has produced over 12,000 pages of

18  documents.  ECF No. 60 at 26.  Further, according to defendant's most recent privilege log it only

19  seeks to withhold three documents from plaintiffs based on privilege.  Id. at 36–37.  The volume

20  of evidence that defendant has produced so far, along with the limited nature of the privilege it is

21  asserting, makes it unlikely that defendant is asserting the privilege in bad faith.

22       In light of the foregoing the court does not find that the Burlington factors mandate a

23  waiver of defendant's attorney-client privilege.  Accordingly, the court will not grant plaintiffs'

24  motion to compel as to Requests for Production Nos. 8 or 29.  Nevertheless, the court is not

25  satisfied that defendant has engaged in a reasonable inquiry to find the communications in

26  question in accordance with Rule 34.  At the court's January 21, 2015, hearing plaintiffs' counsel

27  argued that it simply is not plausible that defendant does not possess a single piece of non-

28  privileged communication regarding its decision to reclassify its employees.  Without making a

1  finding on the plausibility of defendant's contention, the fact is that defendant fails to discuss its

2  efforts to find responsive documents in either Plaintiffs' JS or the emails attached thereto.

3  Accordingly, the court will order that defendant file a declaration under oath detailing its efforts

4  to find documents responsive to Requests for Production Nos. 8 and 29 within ten (10) days of

5  the service of this order.

6          iii.     Subsequent Remedial Measures

7          Finally, defendant argues that all documents related to its reclassification are

8  undiscoverable under Federal Rule of Evidence 407's subsequent remedial measures ban.  Rule

9  407 states that

10             [w]hen measures are taken that would have made an earlier injury
               or harm less likely to occur, evidence of the subsequent measures is
11             no admissible to prove: negligence; culpable conduct; a defect in a
               product or its design; or a need for a warning or instruction.  But the
12             court may admit this evidence for another purpose, such as
               impeachment or—if disputed proving ownership, control, or the
13             feasibility of precautionary measures.

14

15         Defendant's decision to reclassify its employees during this litigation constitutes a

16  measure taken to eliminate harm to its employees, making evidence relating to that

   reclassification inadmissible to show culpable conduct by defendant.  See, e.g., Holick v. Cellular
17
   Sales of New York, LLC, No. 1:13-CV-738, 2014 WL 4771719, at *3 (N.D.N.Y. Sept. 24, 2014)
18
   (finding that reclassification constitutes a remedial measure in a FLSA case).  However, this does
19
   not mean that plaintiffs are precluded from discovery related to defendant's decision to reclassify
20
   its employees.  "F.R.E. 407 governs the admissibility of evidence; is does not control pretrial
21
   discovery."  Bernat v. City of California City, No. 1:10-CV-00305, 2010 WL 4008361, at *5
22
   (E.D. Cal. Oct. 12, 2010); see also Weinstein's Fed. Evid. § 407.09 ("Rule 407 is a rule of
23
   admissibility at trial; it is not a rule governing pretrial procedure.  The standard of admissibility
24
   established by Rule 407 for evidence of subsequent remedial measures is more stringent than that
25
   for permitting pretrial discovery.  The rules of evidence are relaxed in discovery proceedings
26
   because inadmissible material often leads to the discovery of admissible evidence.").  Discovery
27
   related to defendant's reclassification could produce evidence for purposes such as impeachment,
28

                                               16

1    control, or the feasibility of precautionary measures, all of which are admissible under exceptions

2    to Rule 407.  Accordingly, the court finds that defendant cannot refuse to produce documents

3    related to the reclassification of its employees based on the fact that they are evidence of a

4    subsequent remedial measure.

5                                CONCLUSION

6          In accordance with the foregoing, IT IS HEREBY ORDERED that:

7          1.       Defendant's motion to compel, ECF No. 53, is GRANTED.  Within twenty-one

8    (21) days of the service of this order, plaintiffs must produce plaintiffs Kathy Archer, Tammy

9    Gordon, Jessica Edwards, and Michelle Suttles for deposition at a time and location that is

10    convenient to the parties;

11         2.       Plaintiffs' motion to compel, ECF No. 52, is GRANTED in part as follows, and

12    otherwise denied:

13            a.       Within fourteen (14) days of the service of this order, defendant shall

14          produce documents responsive to plaintiffs' Request for Production of Documents as set

15          forth in this order as to Requests for Production Nos. 10, 15, 20, 21, 22, and 23; and

16            b.       Defendant shall, within ten (10) days of the service of this order, file a

17          declaration under oath detailing its efforts to find documents responsive to Requests for

18          Production Nos. 8 and 29.

19    DATED: January 4, 2015

20

21                                ALLISON CLAIRE

                                 UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28