Matthew C. Helland, SBN 250451
Helland@nka.com
Daniel S. Brome, SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

GINA MCKEEN-CHAPLIN, individually, on
behalf of all others similarly situated, and on
behalf of the general public,

               Plaintiffs,

   v.

PROVIDENT SAVINGS BANK, FSB,

               Defendants.

**Case No. 2:12-cv-03035-MCE-AC**

**DECLARATION OF MATTHEW C. HELLAND**

**Date:**      **March 22, 2018**
**Time:**      **2:00 pm**
**Courtroom:**  **7**

I, MATTHEW C. HELLAND, declare:

1.      I am an attorney with the law firm of Nichols Kaster, counsel of record for the named Plaintiff and opt-in Plaintiffs in this matter. I make this declaration based upon my personal knowledge, and could so testify if called to do so.

2.      Attached hereto as **Exhibit 1** is a true and correct copy of the settlement agreement in this matter.

3.      My firm took this case on a contingency basis. My firm therefore has not been paid for the vast majority of the attorney time spent on this case, and it has not been reimbursed for the vast majority of the costs it advanced during the litigation. (One Opt-in Plaintiff previously reached an individual settlement agreement; in connection with that settlement, my firm received a small payment for attorneys' fees and costs.) Each of the nine Plaintiffs in this matter signed legal services agreements with my firm. Those legal services agreements call for payment of attorneys' fees in the amount of one-third of any settlement, as well as reimbursement of costs.

4.      During discovery, Plaintiffs disclosed total damages in the amount of $783,123.48. The damages disclosures included individual disclosures for each Plaintiff, which were based evidence in the case pertaining to each Plaintiff. That evidence included, among other things, each Plaintiff's work history, earnings, and evidence regarding work hours. If Plaintiffs failed to secure liquidated damages at trial, but prevailed on all other legal and factual theories underlying their damage calculations, their maximum damages at trial would have been $391,561.74.

5.      The settlement in this matter earmarks $612,000 for payments to *McKeen-Chaplin* Plaintiffs. Exhibit A to the settlement allocates that $612,000 to the nine Plaintiffs in proportion to their damages disclosed during discovery, after slight adjustments to damages to minimize the effect of outlier evidence regarding work hours.

6.      In this matter alone, my firm has expended over 1,750 hours to date, incurring an unpaid fee lodestar of over $700,000. In the *Neal v. Provident* state court matter, my firm has expended more than 515 additional hours, for an additional unpaid lodestar of over $200,000.

-1-

7.     To date, Plaintiffs have incurred over $54,000 in unreimbursed costs.

8.     My firm has the resources to administer settlement notice in house, and has administered class notice and settlement notice on many occasions. We have administered settlement notice in house involving tens of thousands of class members.

The foregoing statement is made under penalty of perjury and is true and correct to the best of my knowledge and belief.

Dated: February 21, 2018                    s/Matthew C. Helland
                                            Matthew C. Helland

DECLARATION OF MATTHEW C. HELLAND                    CASE NO. 2:12-cv-03035-MCE-AC

# EXHIBIT 1

1  Matthew C. Helland, CA SBN 250451        Howard M. Knee (SBN 55048)
2  helland@nka.com                          knee@blankrome.com
   Daniel S. Brome, CA SBN 278915           Michael L. Ludwig (SBN 173850)
3  dbrome@nka.com                           ludwig@blankrome.com
   NICHOLS KASTER, LLP                      BLANK ROME LLP
4  235 Montgomery St., Suite 810            2029 Century Park East, 6th Floor
   San Francisco, CA 94111                  Los Angeles, CA  90067
5  Telephone: (415) 277-7235                Telephone:    424.239.3400
   Facsimile: (415) 277-7238                Facsimile:    424.239.3434
6
7  Attorneys for Plaintiffs and the putative   Attorneys for Defendant
   class                                       PROVIDENT SAVINGS BANK, FSB
8

9

10  GINA MCKEEN-CHAPLIN, individually, on    **No.  2:12-cv-03035**
    behalf of all others similarly situated, and on
11  behalf of the general public,

12
                   Plaintiff,
13        v.

14  PROVIDENT SAVINGS BANK, FSB,

15
                   Defendant.
16
17  ANNA NEAL, KAREN HONOUR,                  **Case No. RG14726420**
    DIONNA KILSTROM, JENNIFER
18  PEARCY, KATHY ARCHER, ED EVANS,
    CARMEN PHAN, RANDALL JONES, and
19  RANDALL STEWART, individually, on
    behalf of others similarly situated, and on
20  behalf of the general public,

21                 Plaintiff,

22        v.

23  PROVIDENT SAVINGS BANK, FSB,

24
                   Defendant.
25

26

27

28

# SETTLEMENT AGREEMENT

This Settlement Agreement is voluntarily made and entered into between Defendant Provident Savings Bank, FSB ("Provident" or "Defendant") and Plaintiffs Gina McKeen-Chaplin, Anna Neal, James Perry, Kristi Suarez, Monica Alvarez, Carmen Phan, Randall Stewart, Karen Honour, Susan Clayton, Jennifer Pearcy, Kathy Archer, Ed Evans, and Randall Jones.

## 1.     **The Actions.**

### a.   *McKeen-Chaplin v. Provident*

On December 17, 2012, Plaintiff Gina McKeen-Chaplin filed a putative class and collective action against Provident in the Eastern District of California, Case No. 2:12-cv-03035. ("*McKeen-Chaplin*). *McKeen-Chaplin* was initially certified as a class action, but the court subsequently decertified the class. The FLSA collective previously involved approximately 20 opt-in Plaintiffs, although several later withdrew. Currently, there are 9 plaintiffs in *McKeen-Chaplin*.

The court in *McKeen-Chaplin* denied cross motions for summary judgment, and the parties filed a joint motion for reconsideration in *McKeen-Chaplin*. The court then granted summary judgment for Defendant, and denied Plaintiffs' cross-motion. Plaintiffs appealed, and the Ninth Circuit reversed with an instruction to enter summary judgment in Plaintiffs' favor on the administrative exemption. Provident petitioned for a writ of certiorari to the United States Supreme Court, which was denied. Following appeal, the case was reassigned and set for trial.

### b.   *Neal v. Provident*

On May 22, 2014, Anna Neal, together with some of the other *McKeen-Chaplin* Plaintiffs filed a state law class action to assert their individual state law claims and to reassert state class claims ("*Neal*"). The Court in *Neal* denied Provident's motion to strike the class allegations on collateral estoppel grounds. The Court then denied Plaintiffs' motion for class certification, and Plaintiffs appealed that denial of class certification. The appeal in *Neal* has been fully briefed, but has not been set for oral argument.

### c.   **Mediation**

The parties mediated with Steve Pearl on December 18, 2017 in Los Angeles, CA and reached an agreement to resolve the case, subject to the Court's approval. At the conclusion of mediation, the Parties executed a terms sheet outlining the terms of the Settlement which is now memorialized in this Agreement.

2.   **Definitions.**

For purposes of this Settlement Agreement, the following definitions shall apply, in addition to the definitions set forth in other Sections of this Settlement Agreement:

A. "Plaintiffs" shall mean and refer to the 68 individuals included within the scope of this Settlement; each may be referred to individually as a "Plaintiff." "Plaintiffs" includes (1) in *McKeen-Chaplin*, the named Plaintiff, Gina McKeen-Chaplin, as well as the "Opt-in Plaintiffs," those 8 individuals who filed consent forms to join the Action and have not withdrawn, and (2) in *Neal*, the named Plaintiffs: Anna Neal, Karen Honour, Jennifer Pearcy, Kathy Archer, Ed Evans, Carmen Phan, Randall Jones, and Randall Stewart,[1] as well as the "California Settlement Class Members," those 68 underwriters (total, including the Named Plaintiffs) who worked for Provident within California during the applicable statute of limitations (the California Settlement Class includes Opt-in Plaintiffs from *McKeen-Chaplin*). A list of the Plaintiffs is set forth in **Exhibit A**.

B. "Notice of Settlement" shall mean the written notice provided to the California Settlement Class Members advising them of this Settlement, a copy of which is attached as **Exhibit B**.

C. "Accepting Plaintiffs" shall mean all Opt-in Plaintiffs who timely execute this Agreement, and any California Settlement Class Members who do not timely submit a written request for exclusion in response to the Notice of Settlement.

D. "Opt-out" shall mean any California Settlement Class Member who communicates a written request for exclusion within the timeline outlined in

---

[1] Dionna Kilstrom was named as a Plaintiff in *Neal*, but has since reached an individual settlement, resolving and releasing her claims against Provident.

Section 5.

E.  "Released Claims" shall mean and refer to the claims released by the Accepting Plaintiffs as set forth in Section 12.

F.  "Parties" shall mean and refer to Plaintiffs and Defendant, collectively; each may also be referred to separately as a "Party."

G.  "Released Parties" shall mean and refer to Provident Savings Bank, FSB, all present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant, or any of them, and their counsel of record.

**3.    The Settlement.**

Defendant agrees to pay Plaintiffs a total Settlement of $1,775,000.00 (the "Settlement Amount"), less all applicable federal, state, and local taxes and other withholdings as described in Section 8, to resolve all of Accepting Plaintiffs' Released Claims as described in Section 12. The Settlement Amount includes all amounts to be paid by Defendant for payments to the Accepting Plaintiffs, attorneys' fees, litigation costs, and expenses of Plaintiffs' Counsel. Defendant shall be separately liable for the employer-side payroll taxes associated with the Settlement payments. No portion of the $1,775,000.00 shall revert to Defendant.

Plaintiffs' Counsel has computed a reasonable allocation of the Settlement Amount among the Plaintiffs (the "Individual Settlement Allocation"). Exhibit A includes all Plaintiffs covered by this Settlement, and sets forth the Individual Settlement Allocation offered to each Plaintiff by Defendant through this Settlement. That allocation includes a $15,000 Contingency Fund, which will be used to address any unforeseen issues with the allocation or class list. If no such issues arise prior to Final Approval, the Contingency Fund will be allocated pro rata amongst all Accepting Plaintiffs.

**4.    Stipulation of Class Certification Under Cal. Code Civ. P. Sec. 382.**

Pursuant to Cal. Code of Civil Procedure Section 382, Defendant hereby consents, solely for purposes of this Settlement, to certification of the following state law class:

California Class: All individuals who have been employed by Provident as Mortgage Underwriters in the State of California from July 9, 2009 through May 31, 2014 who do not timely opt out of the Settlement within the time specified in the notice of settlement.

In the event the Court does not grant either preliminary or final approval, then the parties shall revert to their previous position and Defendant's stipulation to a Settlement class shall be void.

**5.    <u>Notice of Settlement; Options to Respond.</u>**

Within 7 days of preliminary approval in *Neal* or approval of the settlement in *McKeen-Chaplin,* whichever is later, Defendant shall provide a list of all Plaintiffs to Plaintiffs' Counsel, including last known address, telephone numbers, email addresses, and social security numbers. Plaintiffs' Counsel will be responsible for distributing the Notice of Settlement, attached hereto as Exhibit B, to the Plaintiffs within 10 days of preliminary approval in *Neal* or approval of the settlement in *McKeen-Chaplin* by the District Court.

a. <u>California Settlement Class Members</u> will have 45 days from the date of mailing of the Notice of Settlement to submit a written objection or a written request for exclusion. California Settlement Class Members who timely request exclusion (Opt-outs) shall have their claims dismissed without prejudice, and shall not receive any payment through the Settlement.

b. <u>California Class Members who are also Opt-in Plaintiffs</u> will have the same rights as other Class Members for the state portion of their allocation. Such individuals will execute this Agreement, and so will not receive a separate FLSA notice. Such individuals will receive their full allocation if they do not opt-out of the Rule 23 Class.

In the event any Settlement Notice is returned undeliverable, Plaintiffs' Counsel shall perform a skip trace and take any other reasonable steps to ensure the Settlement Notice is received by the Plaintiff.

Plaintiffs' Counsel will promptly notify Defendant's Counsel of any Opt-outs, and will provide a final list of all Accepting Plaintiffs within four business days after the close of the

response period.

**6.**     **Effect of Opt Out.**

Opt-outs, if any, shall be dismissed without prejudice and will not be bound by the release outlined in Section 12.  Plaintiffs' Counsel will promptly advise Defendant's Counsel in the event any such opt-outs are received. Opt-outs shall not receive any share of the Settlement amount, and will have their claims dismissed without prejudice upon final approval. Any funds allocated to Opt-outs shall not revert to Defendant but shall be re-allocated pro-rata to Accepting Plaintiffs.

**7.**     **Effect of Non-Response.**

California Settlement Class Members who do not communicate a timely written request for exclusion from the Settlement shall be included in the Settlement, shall receive a distribution through the Settlement, and shall have their claims dismissed with prejudice upon final approval.

**8.**     **Designation of Types of Payments.**

The Parties agree that 50% of the net payment to each Accepting Plaintiff shall be treated as wages and 50% shall be treated as payment for interest and non-wage damages.

Wage payments to Accepting Plaintiffs shall be reported on an IRS Form W-2.  Non-wage payments to Accepting Plaintiffs shall be reported on an IRS Form 1099.  From the wage portion of each Plaintiff's allocated amount, Provident shall withhold from such distribution all applicable federal, state, and local income and employment payroll taxes required to be withheld, and cause the appropriate deposits of taxes and other withholdings to occur.  Each Plaintiff's share of applicable federal, state, and local income and employment payroll taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Settlement Agreement ("Employee Taxes") shall be a part of, and paid out of and shall not be in addition to, the Settlement Amount.

Applicable federal, state, and local taxes that are normally payable by an employer from the employer's funds (for example, FUTA/SUTA and the employer's portion of FICA) ("Employer Taxes") shall be calculated by Defendant based on the wage portion of each Accepting Plaintiff's allocated amount shall be paid by Defendant in addition to the Settlement

1 | Amount.

2 | **9.** **Settlement Payment and Distribution of Checks to Accepting Plaintiffs.**

3 | Within ten (10) days from the later of dismissal of *McKeen* or final approval in *Neal*,

4 | Defendant shall remit settlement funds to Plaintiffs' counsel in the form of settlement checks to

5 | Accepting Plaintiffs and a wire transfer for attorneys' fees and costs. Within fourteen (14) days

6 | from the later of dismissal of *McKeen* and final approval in *Neal*, Plaintiffs' Counsel shall

7 | distribute settlement checks to the Accepting Plaintiffs. Checks to Accepting Plaintiffs shall

8 | indicate on their face that they will be void after ninety (90) days. Accordingly, Accepting

9 | Plaintiffs shall have ninety (90) calendar days from check issuance to cash, deposit, or otherwise

10 | negotiate each of their Settlement checks.

11 | Defendant's Counsel shall notify Plaintiffs' Counsel of the status of Settlement checks

12 | thirty (30) and sixty (60) days after distribution. The Parties agree to work together in good faith

13 | to ensure that all Settlement checks are received and cashed by the Accepting Plaintiffs. In the

14 | event that an Accepting Plaintiff's Settlement check has been lost or stolen, Plaintiffs' Counsel

15 | agrees to promptly notify Defendant's Counsel for investigation and reissuance, if appropriate.

16 | No amount of the $1,775,000 total settlement amount will revert to Defendant. The

17 | settlement payments allocated to California Settlement Class Members who exclude themselves

18 | from the settlement will be re-allocated *pro rata* to the Plaintiffs participating in the settlement.

19 | If for any other reason there is a residual amount of the settlement fund remaining after

20 | distribution and the expiration of the time period to cash settlement checks (90 days), that

21 | amount will be donated to *cy pres* beneficiaries pursuant to CCP Section 384: (a) Twenty-five

22 | percent to the State Treasury for deposit in the Trial Court Improvement and Modernization

23 | Fund; (b) Twenty-five percent to the State Treasury for deposit into the Equal Access Fund of

24 | the Judicial Branch; (c) Twenty-five percent to Legal Aid at Work; and (d) Twenty-five percent

25 | to Riverside Legal Aid.

26 | **10.** **Taxation and No Tax Advice.**

27 | Each Accepting Plaintiff shall be obligated to obtain his or her own independent tax

28 | advice concerning the proper income reporting and tax obligations regarding any and all

1  payments and/or other remuneration he or she receives or obtains pursuant to this Settlement

2  Agreement, and shall further assume the responsibility of remitting to the Internal Revenue

3  Service and any other relevant taxing authorities any and all amounts required by law to be paid

4  by the employee out of any monies received, or other remuneration obtained, under this

5  Settlement Agreement, without any contribution whatsoever from any of the Released Parties or

6  Plaintiffs' Counsel.  Nothing in this Settlement Agreement shall be construed as Defendant,

7  Defendant's Counsel, or Plaintiffs' Counsel providing any advice regarding the reporting or

8  payment of taxes or the tax consequences of an Accepting Plaintiff's participation in any portion

9  of this Settlement Agreement.

10         **11.    <u>Attorneys' Fees and Costs</u>.**

11         Plaintiffs' Counsel may request Court approval in the *Neal* and *McKeen-Chaplin* Actions

12  for payment of up to one-third (33 1/3%) from (and not in addition to) the Settlement Amount, or

13  $591,666.67, as payment for its attorneys' fees for both cases combined.  Plaintiffs' Counsel may

14  also request Court approval for reimbursement of up to $56,000 from (and not in addition to) the

15  Settlement Amount in costs for both cases combined.  The Notice of Settlement will inform

16  Plaintiffs of Plaintiffs' Counsel's attorneys' fees and costs request.  This amount is intended to

17  compensate Plaintiffs' Counsel for the work already performed and costs expended in this case

18  and the work remaining to be performed and costs remaining to be expended in securing Court

19  approval of the Settlement Agreement, the risk inherent in prosecuting this action, defending any

20  challenges to the Settlement Agreement, administering the Settlement Agreement, ensuring that

21  the Settlement Agreement is fairly administered, and implementing and obtaining dismissal of

22  the Action with prejudice.

23         Defendant shall wire transfer the attorneys' fees and litigation costs and expenses

24  approved by the Court to Plaintiffs' Counsel within ten (10) days of the Court's order(s)

25  awarding attorney's fees and entering final approval of the settlement.  Defendant will issue

26  Nichols Kaster, PLLP an IRS Form 1099 for the attorneys' fees and litigation costs and expenses

27  approved by the Court.

28         If the Court does not approve any portion of Plaintiffs' Counsel's requested attorneys'

fees or costs, such amounts that are not approved shall not revert back to Defendant (except in a case in which this Settlement Agreement is voided pursuant to Section 17). Rather, any portion of requested attorneys' fees or costs which is not approved by the Court shall be disbursed on a pro rata basis to Accepting Plaintiffs.

**12.     Release.**

It is understood and agreed that upon final approval, any Accepting Opt-in Plaintiff shall, knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Defendant and/or Released Parties from all known and unknown FLSA claims arising under the FLSA Opt-in Plaintiff's work with Defendant as a mortgage underwriter prior to June 1, 2014, including but not limited to any and all claims that were or could have been asserted in the lawsuit for wages, liquidated damages, penalties and interest under the FLSA.

It is understood and agreed that upon final approval, any California Settlement Class Member shall, knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Defendant and/or Released Parties from/for all claims arising prior to June 1, 2014 from the facts alleged in the lawsuit for overtime wages, failure to provide meal and/or rest periods, failure to pay wages, for inaccurate wage statements, for unfair competition, for waiting time penalties, and for statutory and/or civil penalties, liquidated damages, penalties and interest under state wage and hour laws (including California Labor Code sections 201-203, 226, 226.7, 510, 512, 1194, 1198, and California Business & Professions Code §17200 *et seq.*).

**13.     No Admission of Liability.**

Nothing contained in this Settlement Agreement shall be construed as or deemed an admission of liability, damages, culpability, negligence, or wrongdoing on the part of Defendant or the Released Parties. Defendant, for themselves and the Released Parties, deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Complaint.

**14.     Inadmissibility of This Agreement.**

This Settlement Agreement is a Settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

**15.** **Reasonable Compromise of Bona Fide Dispute.**

The Parties agree that the terms of this Settlement Agreement represent a reasonable compromise of disputed claims and issues, arising from a bona fide dispute over FLSA coverage and the merits of Plaintiffs' claims and Defendant's defenses, and agree to represent the same to the Court.  The Parties further agree that the Settlement is a fair, reasonable and adequate resolution of Plaintiffs' claims.

**16.** **Waiver of Appeals.**

The Parties agree to, and do hereby waive all appeals with the sole exception that Plaintiffs' Counsel can appeal a reduction, if any, in the amount of the attorneys' fees and costs that the Court awards.  A denial of the requested fees and costs amount shall not void this Settlement Agreement or affect the entry of the Order approving of the Settlement Agreement.

**17.** **Voiding the Agreement.**

    **A.** **Defendant's Right to Void the Agreement.**

If the number of those Settlement Class Members who opt-out of the settlement exceeds 1 Opt-in, or 7.5 per cent (7.5%) of the California Settlement Class Members, or California Settlement Class Members whose claims are collectively worth more than 7.5 per cent (7.5%) of the amount allocated to the California Settlement Class, Defendant at its sole and absolute discretion may void the settlement within 30 days of receiving the total opt out percentage. Defendant shall communicate its desire to exercise this option in writing via email and U.S. mail to Daniel Brome, Nichols Kaster, LLP, 235 Montgomery Street, Suite 810, San Francisco, CA 94104, dbrome@nka.com.

    **B.** **Parties' Right to Terminate as a Result of Specific Events.**

If either Court refuses to grant preliminary or final approval to this Settlement Agreement or any material part of it, Counsel for a party to this Settlement Agreement shall have the right to terminate this Settlement Agreement by providing written notice of their election to do so to

counsel for the other party hereto within seven (7) business days of an Order refusing or declining to approve of the Settlement or any material part of it.

### C.   Effect of Disapproval or Reduction in Attorneys' Fees by the Court.

If, in approving this Settlement Agreement, the Court declines to approve the requested amount of Plaintiffs' Counsel's requested fees and costs, such reduction shall not be considered a material breach or change to this Settlement Agreement, shall not be a ground to terminate and void this Settlement Agreement, but shall result in a delay in payment of attorneys' fees and costs subject to final resolution of any such appeal.  However, any such reduction in the attorneys' fees or costs may be appealed by Plaintiffs' Counsel as set forth in Section 16.  In any appeals permitted under Section 16, Defendant and the Released Parties shall not take any action that may hinder Plaintiffs' Counsel's efforts to secure payments of the attorneys' fees or costs provided for in this Settlement Agreement.  An intentional action by Defendant or the Released Parties that hinders Plaintiffs' Counsel's efforts to secure the approval of the requested attorneys' fees and costs shall constitute sufficient grounds for Plaintiffs to void this Settlement Agreement.

### D.   Effect of Termination of this Settlement Agreement.

If this Settlement Agreement is terminated as provided in this Section, then this Settlement Agreement shall be deemed null and void, of no force and effect, inadmissible as evidence, and of no probative value, and the Parties hereto represent, warrant, and covenant that it will not be used or referred to for any purpose whatsoever; provided however, that notwithstanding any contrary provisions of this Settlement Agreement, the provisions of Section 13, shall survive termination.  In the event that this Settlement Agreement is voided under this Section, it is the Parties' intention that no amount will be paid by Defendant, and that Plaintiffs and the Released Parties shall be restored with all rights that they possessed prior to the execution of this Settlement Agreement.

### 18.   Timeline of Settlement Events.

The Parties agree to the following timeline for completion of Settlement:

- **February 14, 2018:** Deadline to file Motion for Settlement Approval in *McKeen-Chaplin.*

- **7 days after the later of preliminary approval in *Neal* or approval of the settlement in *McKeen-Chaplin* by the District Court:** Deadline for Defendant to provide list of Plaintiffs with contact information to Plaintiffs' Counsel.

- **10 days after the later of preliminary approval in *Neal* or approval of the settlement in *McKeen-Chaplin* by the District Court**: Deadline to mail Settlement notices.

- **45 days after notice mailing**: Deadline for Settlement Class members to return Release of Claims forms, or reject or exclude themselves from the Settlement in writing.

- **70 days after the later of preliminary approval in *Neal* or approval of the settlement in *McKeen-Chaplin* by the District Court**: Deadline to file Motion for Final Settlement Approval and for approval of attorneys' fees and costs.  Plaintiffs' Counsel will draft the motion in time to provide Defendant with seven days to review and discuss changes to the motion.

- **5 days after final approval in *Neal***: Plaintiffs to request dismissal in *McKeen-Chaplin*.

- **10 days after final approval**: Defendant to wire attorneys' fees and costs and deliver settlement checks to Plaintiffs' Counsel.

- **14 days after final approval:** Deadline for Plaintiffs' Counsel to mail Settlement payments to Accepting Plaintiffs.

19.   **Mutual Full Cooperation.**

Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Settlement Agreement, and neither Party shall take any action to oppose implementation of this Settlement Agreement or any of its terms.   Defense counsel shall provide Plaintiffs' Counsel with reasonable assistance necessary to draft all papers to be filed with the Court in conjunction with approval of this Settlement.

**21.** **Communications.**

Unless otherwise specifically provided, all notices, demands, or other communications given under this Settlement Agreement shall be in writing and shall be sent via e-mail and U.S. mail, addressed as follows:

**To the Plaintiffs:**
Daniel Brome, Esq.
Nichols Kaster, LLP
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
dbrome@nka.com

**To the Defendant and Released Parties:**
Michael L. Ludwig
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, CA  90067
Telephone:    424.239.3400
ludwig@blankrome.com

**22.** **Construction.**

The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy and intensive arms'-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Settlement Agreement.   The Parties request that before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents and the intent expressed in this Settlement Agreement.

**23.** **Representation by Counsel and Authority.**

Counsel for the Parties represent and warrant that they are fully authorized to enter into this Settlement Agreement.

**24.** **Captions and Interpretations.**

Section titles or captions contained in this Settlement Agreement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of

this Settlement Agreement or any of its provisions.

**25.**   **Modification.**

This Settlement Agreement, including the attached Exhibits, may not be changed, altered, or modified, except in writing and signed by counsel for the Parties. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties and approved by the Courts.

**26.**   **Integration Clause**.

This Settlement Agreement, including the attached Exhibits, contains the entire agreement between the Parties relating to the Settlement of the Actions, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Settlement Agreement.  No rights under this Settlement Agreement may be waived except in writing signed by the counsel for the Parties set forth in Section 25.

**27.**   **Binding on Assigns.**

This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, including the Released Parties as third-party beneficiaries to this Settlement Agreement, and their respective heirs, trustees, executors, administrators, successors, and assigns.

**28.**   **Counterparts and Facsimile Signatures.**

This Settlement Agreement may be executed in counterparts, and when counsel have signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement.  This Settlement Agreement may be executed by facsimile signatures or email, which shall be deemed to be originals.

**29.**   **Applicable Law.**

This Settlement Agreement shall be governed by and construed in accordance with federal law and the law of the State of California, to the extent federal law does not apply.

**30.**   **Retention of Jurisdiction.**

The Parties intend to request that the *McKeen-Chaplin* and *Neal* Courts shall retain

jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: _02/14/2018_   _____
                      Gina McKeen-Chaplin

Dated: _____   _____
                      Anna Neal

Dated: _____   _____
                      James Perry

Dated: _____   _____
                      Susan Clayton

Dated: _____   _____
                      Kristi Suarez

Dated: _____   _____
                      Monica Alvarez

Dated: _____   _____
                      Carmen Phan

Dated: _____   _____
                      Randall Stewart

Dated: _____   _____
                      Karen Honour

15

jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: _____          _____
                                                         Gina McKeen-Chaplin

Dated: 02/07/2018                          _____
                                                         Anna Neal

Dated: _____          _____
                                                         James Perry

Dated: _____          _____
                                                         Susan Clayton

Dated: _____          _____
                                                         Kristi Suarez

Dated: _____          _____
                                                         Monica Alvarez

Dated: _____          _____
                                                         Carmen Phan

Dated: _____          _____
                                                         Randall Stewart

Dated: _____          _____
                                                         Karen Honour

15

jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: _____        _____
                                                  Gina McKeen-Chaplin

Dated: _____        _____
                                                  Anna Neal

Dated: __2/8/17_____        _____
                                                  James Perry

Dated: _____        _____
                                                  Susan Clayton

Dated: _____        _____
                                                  Kristi Suarez

Dated: _____        _____
                                                  Monica Alvarez

Dated: _____        _____
                                                  Carmen Phan

Dated: _____        _____
                                                  Randall Stewart

Dated: _____        _____
                                                  Karen Honour

15

jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: _____        _____
                                                    Gina McKeen-Chaplin

Dated: _____        _____
                                                    Anna Neal

Dated: _____        _____
                                                    James Perry

Dated: 02/12/2018                      *Susan Clayton*
                                                    Susan Clayton

Dated: _____        _____
                                                    Kristi Suarez

Dated: _____        _____
                                                    Monica Alvarez

Dated: _____        _____
                                                    Carmen Phan

Dated: _____        _____
                                                    Randall Stewart

Dated: _____        _____
                                                    Karen Honour

Settlement Agreement

jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: _____        _____
                                              Gina McKeen-Chaplin

Dated: _____        _____
                                              Anna Neal

Dated: _____        _____
                                              James Perry

Dated: _____        _____
                                              Susan Clayton

Dated: 02/21/18 _____        _____
                                              Kristi Suarez

Dated: _____        _____
                                              Monica Alvarez

Dated: _____        _____
                                              Carmen Phan

Dated: _____        _____
                                              Randall Stewart

Dated: _____        _____
                                              Karen Honour

15

jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: _____         _____
                                                                   Gina McKeen-Chaplin

Dated: _____         _____
                                                                   Anna Neal

Dated: _____         _____
                                                                   James Perry

Dated: _____         _____
                                                                   Susan Clayton

Dated: _____         _____
                                                                   Kristi Suarez

Dated: 02/08/2018                      *Monica Alvarez*
                                                                   Monica Alvarez

Dated: _____         _____
                                                                   Carmen Phan

Dated: _____         _____
                                                                   Randall Stewart

Dated: _____         _____
                                                                   Karen Honour

15

Settlement Agreement

jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing and enforcing the terms of this Settlement Agreement.

Dated: _____          _____
                                                                    Gina McKeen-Chaplin

Dated: _____          _____
                                                                    Anna Neal

Dated: _____          _____
                                                                    James Perry

Dated: _____          _____
                                                                    Susan Clayton

Dated: _____          _____
                                                                    Kristi Suarez

Dated: _____          _____
                                                                    Monica Alvarez

Dated: 2/13/2018                            _____
                                                                    Carmen Phan

Dated: _____          _____
                                                                    Randall Stewart

Dated: _____          _____
                                                                    Karen Honour

15

1  jurisdiction with respect to the implementation and enforcement of the terms of the Settlement

2  Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing

3  and enforcing the terms of this Settlement Agreement.

4

5

6

7

8  Dated: _____          _____

9                                                      Gina McKeen-Chaplin

10

11  Dated: _____          _____

                                                    Anna Neal
12

13  Dated: _____          _____

14                                                     James Perry

15  Dated: _____          _____

16                                                     Susan Clayton

17

18  Dated: _____          _____

19                                                     Kristi Suarez

20  Dated: _____          _____

21                                                     Monica Alvarez

22

23  Dated: _____          _____

                                                    Carmen Phan
24

25  Dated: _02/09/2018_____          *Randall L. Stewart*

                                                    Randall Stewart
26

27  Dated: _____          _____

28                                                     Karen Honour

15

Settlement Agreement

1  jurisdiction with respect to the implementation and enforcement of the terms of the Settlement

2  Agreement, and all Parties submit to the jurisdiction of the Courts for purposes of implementing

3  and enforcing the terms of this Settlement Agreement.

4

5

6

7

8

9  Dated: _____     _____
                                              Gina McKeen-Chaplin

10

11  Dated: _____     _____
                                              Anna Neal

12

13  Dated: _____     _____
                                              James Perry

14

15  Dated: _____     _____
                                              Susan Clayton

16

17

18  Dated: _____     _____
                                              Kristi Suarez

19

20  Dated: _____     _____
                                              Monica Alvarez

21

22  Dated: _____     _____
                                              Carmen Phan

23

24

25  Dated: _____     _____
                                              Randall Stewart

26

27  Dated: 2/8/18     _____
                                              Karen Honour

28

15

Settlement Agreement

Dated: _02/08/2018_          _____
                                         Jennifer Pearcy

Dated: _____        _____
                                           Kathy Archer

Dated: _____        _____
                                           Ed Evans

Dated: _____        _____
                                           Randall Jones

Dated: _____        Provident Savings Bank, FSB

                                        By: _____
                                                 Donavon P. Ternes
                                                 President, CFO, COO

Dated: _____          _____
                                                     Jennifer Pearcy

Dated: 02/09/2018                     *Kathy Archer*
                                       _____
                                                     Kathy Archer

Dated: _____          _____
                                                        Ed Evans

Dated: _____          _____
                                                     Randall Jones

Dated: _____          Provident Savings Bank, FSB

                                       By: _____
                                               Donavon P. Ternes
                                               President, CFO, COO

1

2  Dated: _____        _____
                                                    Jennifer Pearcy
3

4  Dated: _____        _____
                                                    Kathy Archer
5

6  Dated: _2/07/2018_____        _____
                                                    Ed Evans
7

8

9  Dated: _____        _____
                                                    Randall Jones
10

11

12  Dated: _____        Provident Savings Bank, FSB

13
                                     By: _____
14                                              Donavon P. Ternes
                                                President, CFO, COO
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: _____          _____
                                                      Jennifer Pearcy

Dated: _____          _____
                                                      Kathy Archer

Dated: _____          _____
                                                      Ed Evans

Dated: 02/09/2018                      *Randall Jones*
                                                      Randall Jones


Dated: _____          Provident Savings Bank, FSB

                                       By: _____
                                                      Donavon P. Ternes
                                                      President, CFO, COO

16

1

2  Dated: _____      _____
                                          Jennifer Pearcy
3

4  Dated: _____      _____
                                          Kathy Archer
5

6  Dated: _____      _____
                                          Ed Evans
7

8

9  Dated: _____      _____
                                          Randall Jones
10

11

12  Dated: *02-07-2018*      Provident Savings Bank, FSB

13

14

15                          By: _____
                                          Donavon P. Ternes
                                          President, COO, CFO
16

17

18

19

20

21

22

23

24

25

26

27

28

16

074664.00204/106604794v.1

# EXHIBIT A

| Gross Allocation: | $1,775,000.00 |
|---|---|
| Fees: | $591,666.67 |
| Costs: | $56,000.00 |
| Contingency Fund: | $15,000.00 |
| Allocable Funds: | $1,112,333.33 |

| Funds for McKeen Chaplin Allocation: | $612,000.00 |
|---|---|
| Residual Funds for Neal Allocation: | $500,333.33 |

| Minimum Allocation (Neal): | $1,000.00 |
|---|---|

| EmpID | EmpName | Neal Allocation | McKeen-Chaplin Allocation | Total Allocation |
|---|---|---|---|---|
| 3223 | | $4,087.91 | | $4,087.91 |
| 3730 | Pearcy, Jennifer | $24,497.75 | | $24,497.75 |
| 4005 | | $18,191.17 | | $18,191.17 |
| 4211 | | $2,640.90 | | $2,640.90 |
| 4459 | | $10,523.39 | | $10,523.39 |
| 4470 | | $10,963.02 | | $10,963.02 |
| 4488 | | $1,000.00 | | $1,000.00 |
| 4511 | Honour, Karen | $9,200.37 | $63,254.64 | $72,455.01 |
| 4517 | Suarez, Kristi | $2,585.25 | $13,122.99 | $15,708.24 |
| 4524 | | $6,917.66 | | $6,917.66 |
| 4531 | | $16,675.09 | | $16,675.09 |
| 4532 | | $10,756.86 | | $10,756.86 |
| 4534 | | $7,578.56 | | $7,578.56 |
| 4546 | | $15,125.41 | | $15,125.41 |
| 4549 | | $8,389.65 | | $8,389.65 |
| 4553 | | $4,601.99 | | $4,601.99 |
| 4554 | | $7,383.07 | | $7,383.07 |
| 4556 | | $16,257.64 | | $16,257.64 |
| 4578 | | $15,778.61 | | $15,778.61 |
| 4592 | | $1,000.00 | | $1,000.00 |
| 4599 | | $5,006.57 | | $5,006.57 |
| 4620 | Clayton, Susan | $17,314.42 | $125,347.82 | $142,662.24 |
| 4633 | Alvarez, Monica | $17,024.50 | $27,894.56 | $44,919.06 |
| 4637 | | $2,012.56 | | $2,012.56 |
| 4639 | | $4,423.20 | | $4,423.20 |
| 4652 | Evans, Ed | $16,854.87 | | $16,854.87 |
| 4675 | | $10,403.16 | | $10,403.16 |
| 4723 | Perry, James | $8,841.92 | $111,053.17 | $119,895.09 |
| 4727 | | $1,000.00 | | $1,000.00 |
| 4733 | Jones, Randall | $4,206.79 | | $4,206.79 |
| 4736 | | $14,030.14 | | $14,030.14 |
| 4744 | | $13,688.41 | | $13,688.41 |
| 4789 | | $12,871.40 | | $12,871.40 |
| 4806 | | $2,533.93 | | $2,533.93 |
| 4814 | | $4,355.46 | | $4,355.46 |
| 4822 | Neal, Anna | $9,253.07 | $178,915.31 | $188,168.38 |
| 4847 | | $4,789.43 | | $4,789.43 |
| 4862 | | $12,227.98 | | $12,227.98 |
| 4882 | | $2,812.37 | | $2,812.37 |
| 4904 | | $5,003.51 | | $5,003.51 |
| 4950 | Phan, Carmen | $6,003.17 | $21,846.16 | $27,849.33 |
| 4962 | Phan, Carmen | $3,074.88 | | $3,074.88 |
| 4967 | | $7,591.79 | | $7,591.79 |
| 4982 | | $10,670.64 | | $10,670.64 |
| 4994 | | $9,209.99 | | $9,209.99 |
| 4995 | | $3,333.72 | | $3,333.72 |

| EmpID | EmpName | Neal Allocation | McKeen-Chaplin Allocation | Total Allocation |
|---|---|---|---|---|
| 5002 | | $2,563.15 | | $2,563.15 |
| 5019 | | $2,236.65 | | $2,236.65 |
| 5048 | | $9,580.01 | | $9,580.01 |
| 5123 | | $4,274.80 | | $4,274.80 |
| 5143 | Stewart, Randall | $4,136.32 | $57,143.84 | $61,280.16 |
| 5153 | | $5,284.63 | | $5,284.63 |
| 5157 | McKeen-Chaplin, Gina | $3,045.16 | $13,421.51 | $16,466.67 |
| 5164 | | $5,560.92 | | $5,560.92 |
| 5187 | | $7,237.46 | | $7,237.46 |
| 5194 | | $6,811.12 | | $6,811.12 |
| 5206 | | $5,803.79 | | $5,803.79 |
| 5208 | | $4,088.96 | | $4,088.96 |
| 5218 | | $7,078.22 | | $7,078.22 |
| 5245 | Archer, Kathy | $1,103.75 | | $1,103.75 |
| 5259 | | $1,510.24 | | $1,510.24 |
| 5286 | | $6,313.49 | | $6,313.49 |
| 5307 | | $3,234.99 | | $3,234.99 |
| 5346 | | $1,000.00 | | $1,000.00 |
| 5359 | | $4,436.18 | | $4,436.18 |
| 5365 | | $4,284.20 | | $4,284.20 |
| 5381 | | $2,155.12 | | $2,155.12 |
| 5389 | | $3,286.35 | | $3,286.35 |
| 5426 | | $2,615.63 | | $2,615.63 |

# EXHIBIT B

*SUPERIOR COURT OF CALIFORNIA—COUNTY OF ALAMEDA*

# Notice of Settlement

*If you worked for Provident Savings Bank as a mortgage underwriter from July 9, 2009 to May 31, 2014, a Proposed Class Action Settlement may affect your rights.*

## A CALIFORNIA SUPERIOR COURT HAS AUTHORIZED THIS NOTICE.

### *YOU ARE NOT BEING SUED.*

You are receiving this notice because you have been identified as someone eligible to receive money from a proposed settlement of a class and collective action lawsuit. You are a Class Member in a lawsuit filed in Alameda County Superior Court on May 22, 2014, entitled *Neal v. Provident Savings Bank, FSB, Case No. RG14726420*, (the "*Neal* Lawsuit" or "*Neal*") which asserts claims that Provident Savings Bank, FSB ("Provident") violated state wage and hour laws by, among other things, allegedly failing to pay for all overtime hours worked by mortgage underwriters during the Class Period, and failing to provide Class Members with meal and rest periods, accurate wage statements, and failing to timely pay overtime wages to Class Members.

This proposed settlement has received *preliminary* approval from the Court and will resolve all claims of the parties who wish to participate in the settlement. This settlement will resolve two cases: *McKeen-Chaplin v. Provident Savings Bank, FSB*, Case No. 2:12-cv-03035 (E.D.Cal.) ("*McKeen-Chaplin*") and the *Neal* Lawsuit. Both cases concern overtime payments for Provident's mortgage underwriters. *McKeen-Chaplin* asserted claims under federal law, and only covers individuals who previously joined the case (and did not later withdraw). *Neal* asserted claims under state law, and covers several Named Plaintiffs, as well as a Settlement Class of other underwriters who worked in California during the relevant time period. You are receiving this notice because Provident's records indicate that you are a member of the Settlement Class (i.e., a "Class Member").

Defendant denies all of the claims and allegations, denies that Plaintiffs or that any of the Class Members are entitled to any relief, and denies that absent a settlement, any class should be certified. Both Plaintiffs and Defendant recognize the costs and risks of litigation, however, and believe that the proposed settlement is a fair and reasonable resolution. The settlement provides that Defendant will pay a total of $1,775,000.00 to settle both the *Neal* and *McKeen-Chaplin* cases (the "Settlement Fund").

The *McKeen-Chaplin* case was conditionally certified as a collective action under the federal FLSA on August 12, 2013. Notice of the lawsuit was sent to all eligible workers providing them with an opportunity to join the lawsuit to assert their federal FLSA claims. After the deadline to join *McKeen-Chaplin*, the *Neal* Lawsuit was filed as a class action, meaning you may still participate in this settlement as a Class Member even if you did not join the *McKeen-Chaplin* lawsuit as a federal FLSA Opt-in Plaintiff. This notice provides information on how to participate in the settlement and your options.

The *Neal* court has preliminarily approved the settlement and certified this case as a class action **for the**

**purposes of settlement only**.  You are entitled to receive your share of the Settlement Fund through a settlement payment in the pre-tax amount of [$==XXXXXXX==].  As detailed below, you will receive that payment only after the Court grants final approval of the settlement if you do not request to exclude yourself from the settlement.

**YOUR LEGAL RIGHTS ARE AFFECTED BY THIS SETTLEMENT, AND YOU HAVE A <u>CHOICE</u> TO MAKE NOW.  THIS CHART SUMMARIZES YOUR RIGHTS AND OPTIONS. PLEASE REVIEW THE CHART AND THE FOLLOWING PAGES CAREFULLY**.

| You May: | Effect of Choosing the Option: | Due Date: |
|---|---|---|
| *Include yourself by doing nothing.* | • You will receive a settlement check in the pre-tax amount of [$==XXXXX==].<br>• You will release your California state law wage and hour claims and will be bound by the terms of settlement as to those claims.  You will give up your right to sue Defendant for these claims.<br>• *If you do not cash your settlement payment within 90 days after the check was issued,* you will still give up your right to sue Defendant under these state laws, but your payment will be donated to charity. | *You do not need to do anything to receive a settlement payment.  You need only cash your check no later than 90 days after it is issued.*<br><br>*Please promptly notify Class Counsel if you move.* |
| *Exclude yourself by making a written exclusion request.* | • You can elect to opt-out of the Class and retain your right to sue Defendant for your California state law claims.<br>• To exclude yourself, you **must** submit a signed exclusion request.  If you exclude yourself, you will not receive a settlement check. | *The Exclusion Request must be sent to Class Counsel via email or mail postmarked no later than [==DATE==].* |
| *File an Objection* | • If you do not exclude yourself, you can remain a Class Member and still write to the Court explaining why you disagree with the settlement.<br>• To object to the settlement, you **must** submit a written notice identifying your objection. | *The Objection must be sent to Class Counsel via email or mail postmarked no later than [==DATE==].* |
| *Appear at the Hearing* | • If you do not exclude yourself, you can also ask to speak to the Court about the fairness of the settlement. | *The hearing is scheduled for [==DATE==]. This date may change without further notice* |

Questions about the settlement should be directed to Class Counsel:

Matthew C. Helland
Daniel S. Brome
Nichols Kaster, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
(415) 277-7235

| 1. | WHY DID I GET THIS NOTICE? |
|---|---|

The Court directed this Notice be sent to you because Defendant's records show that you worked for Defendant as a mortgage underwriter in California at some point from July 9, 2009 to May 31, 2014.

This proposed settlement will affect your legal rights.  Therefore, it is important that you read this notice carefully.

| 2. | WHAT IS A CLASS ACTION? |
|---|---|

In a class action lawsuit, one or more people called "Named Plaintiffs" sue one or more defendants on behalf of other people who may have similar claims.  All these people together are a "Class" or "Class Members."  The Court can determine whether it will allow a lawsuit to proceed as a class action.  In a class action, the Court resolves the common issues for everyone in the class except for those people who choose to exclude themselves from the class.  Class Actions are brought under state law.  Here, a class action was brought for mortgage underwriters who worked for Provident in California under California law.  Although the Court originally denied Plaintiff's motion for class certification, that denial is on appeal and the Court certified this case as a class action for settlement purposes only.

| 3. | WHAT IS THIS CASE ABOUT? |
|---|---|

The *Neal* case generally involves claims under state wage and hour laws, while the *McKeen-Chaplin* case involves claims under federal wage and hour law.  The Plaintiffs are former mortgage underwriters who worked for Provident.  The Plaintiffs allege that Provident misclassified mortgage underwriter as exempt and failed to pay overtime premiums for overtime hours worked. Additionally, Plaintiffs allege that Defendant failed to provide meal and rest breaks, accurate written wage statements, and failed to timely pay all final wages to Class Members. Through the lawsuits, Plaintiffs sought to recover unpaid overtime wages, statutory penalties, and other related relief.

Provident denies all liability in the lawsuits, that any of Plaintiffs' claims and allegations have merit, and that a class action is proper for any purpose other than settlement. Plaintiffs believe

3

that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of the Settlement Class.

| 4. | WHO IS INCLUDED? |
|---|---|

The Honorable _____ for the Superior Court of California for the County of Alameda granted preliminary approval of the Settlement and certified the following Settlement Class solely for purposes of the Settlement:

> California Class: All individuals who have been employed by Provident as Mortgage Underwriters in the State of California from July 9, 2009 through May 31, 2014 who do not timely opt out of the Settlement within the time specified in the notice of settlement.

Defendant identified you as falling within that definition, and for that reason you are receiving this notice of your settlement offer.

| 5. | WHAT ARE THE SETTLEMENT BENEFITS? |
|---|---|

Under the terms of the Settlement, Provident agrees to pay a "Total Settlement Amount" of $1,775,000.00. Deducted from the Total Settlement Amount will be sums, to be approved by the Court, for attorneys' fees of up to one-third (33 1/3%) of the Total Settlement Amount ($591,666.67), and up to $56,000.00 in litigation costs to Class Counsel. The amount remaining after these items are deducted from the Total Settlement Amount is the net settlement or "Distribution Amount." The Distribution amount will be divided to make payments for the Class Members in *Neal* and for the Opt-in Plaintiffs in *McKeen-Chaplin*.

Each Class Member who does not opt out of the Settlement shall ultimately be entitled to a portion of the Distribution Amount, which will be based on the individual Class Member's work history within the applicable statute of limitations, earnings as reflected in Provident's payroll data, and an assumption of a consistent number of hours of compensable work each week. Claims for overtime, meal and rest period penalties, wage statement penalties, and waiting time penalties were discounted to reflect litigation risk associated with these claims, including the risks associated with the Plaintiffs' appeal from the *Neal* court's denial of class certification. Each Plaintiff is then allocated his or her pro rata share of the total settlement. Based on your work records, your settlement share, after attorneys' fees and costs, is **[XXX].**

Payments to Class Members will be reported as 50% W-2 wage earnings and 50% interest and non-wage damages, reported on an IRS Form 1099. Each Class Member will be responsible for the payment of any personal taxes owing on that amount.

| 6. | WHAT HAPPENS IF I DO NOTHING? |
|---|---|

If you do nothing, you will receive a settlement payment that you may cash, and you will give up your state law wage and hour claims against Defendant.

| 7. | WHAT HAPPENS IF I CASH MY SETTLEMENT CHECKS? |
|---|---|

If the Court approves the settlement, Defendant must deliver payment to Class Counsel within 10 days of the Court's order granting final approval.  At that time, the settlement checks will be distributed to Class Members who did not exclude themselves.

Unless you submit a timely valid request for exclusion, you will knowingly and voluntarily, irrevocably and unconditionally, forever and fully release Defendant and/or Released Parties (meaning Provident Savings Bank, FSB, all present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant, or any of them, and their counsel of record) from/for all claims arising prior to June 1, 2014 from the facts alleged in the lawsuit for overtime wages, failure to provide meal and/or rest periods, failure to pay wages, for inaccurate wage statements, for unfair competition, for waiting time penalties, and for statutory and/or civil penalties, liquidated damages, penalties and interest under state wage and hour laws (including California Labor Code sections 201-203, 226, 226.7, 510, 512, 1194, 1198, and California Business & Professions Code §17200 *et seq.*).

This Release will be final and binding upon Final Approval. You can talk to one of the lawyers appointed as Class Counsel (listed in response to Question 12 below) for free or you can talk to your own lawyer if you have questions about the Released Claims and what the release means.

| 8. | WHAT HAPPENS IF I DO NOT CASH MY SETTLEMENT PAYMENT? |
|---|---|

If you do not exclude yourself from the settlement and you do not cash your settlement checks within 90 days, you will give up the right to sue the Released Parties for your Released Claims, and your settlement amount will be donated to charity.  You will be legally bound by the Court's judgment in this case for the California state law claims.

| 9. | WHY WOULD I WANT TO BE EXCLUDED FROM THE CLASS? |
|---|---|

You do not have to take part in the settlement.  You can exclude yourself from the settlement and from receiving a settlement check by timely requesting exclusion, as detailed in Question 10.   If you exclude yourself from the settlement, then you will not get the benefits of the settlement.

If you exclude yourself by timely requesting exclusion in writing, you will not be legally bound by the Court's judgment in this case.  If you wish to start your own lawsuit against Defendant for state claims covered by this lawsuit, you will have to represent yourself or hire and pay your own lawyer for that lawsuit and prove your own claims

| 10. | HOW DO I EXCLUDE MYSELF FROM THE CLASS? |
|---|---|

If you do not wish to participate in this lawsuit and receive a payment from the Settlement, you may be excluded (i.e., "opt out") by sending a timely letter in writing that contains your name, address, telephone number and last four digits of your social security number, as well as your signature ("Request for Exclusion") to Class Counsel. The Request for Exclusion must be signed, dated and mailed no later than **[DATE]**.

Requests for Exclusion that do not include all required information and/or that are not timely submitted will be deemed null, void, and ineffective. Whether you desire to participate in the lawsuit or not, all potential Class Members who fail to submit a valid and timely Request for Exclusion on or before the above-specified deadline shall be bound by all terms of the Settlement, the release at Question 7, above, and any Final Judgment entered in the lawsuit if the Court approves the Settlement.

**UNLESS YOU PROPERLY SUBMIT A REQUEST FOR EXCLUSION, YOU WILL BE BOUND BY ANY JUDGMENT IN THIS CASE RELATED TO CERTAIN CALIFORNIA STATE WAGE AND HOUR CLAIMS, AND YOU WILL NOT BE PERMITTED TO PURSUE ANY PENDING OR FUTURE LITIGATION REGARDING MATTERS RESOLVED IN THIS SETTLEMENT.   SHOULD YOU WISH TO EXCLUDE YOURSELF FROM THIS SETTLEMENT, IT IS IMPORTANT THAT YOU FOLLOW THESE INSTRUCTIONS CAREFULLY.**

| 11. | HOW DO I OBJECT TO THE SETTLEMENT? |
|-----|-------------------------------------|

If you do not like the settlement, but do not want to be excluded from it, you may file an objection to it.  This means you can tell the Court that you disagree with the settlement or some of its terms.  The Court will consider your views but may approve the settlement anyway.

Any Class Member who does not opt out of the Settlement Class may comment on, or object to, the Settlement, or any portion thereof.  Class Members may do so in writing by sending comments or objections to Class Counsel by **[DATE].**

You may also appear at the Court's Fairness Hearing to make an objection. A Class Member who fails to submit a written comment or objection in the manner described above and by the specified deadline and who does not appear at the Court's Fairness Hearing will be deemed to have waived any objections and will be foreclosed from making any comments on or objections to the Settlement (whether by appeal or otherwise).

Class Counsel will file all objections with the Court and provide all objections to Defendant's lawyers.

| 12. | DO I HAVE A LAWYER REPRESENTING MY INTERESTS IN THIS CASE? |
|-----|------------------------------------------------------------|

Yes. The Court appointed the following lawyers to serve as Class Counsel for the Settlement Class:

MATTHEW C. HELLAND
helland@nka.com
DANIEL BROME
dbrome@nka.com
NICHOLS KASTER LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
More information about Class Counsel and their experience is available at www.nka.com.

You may hire your own attorney, if you wish, however, you will be responsible for any fees and expenses that attorney charges you.

| 13. | HOW WILL THE LAWYERS BE PAID? |
|---|---|

Subject to Court approval, the Total Settlement Amount includes (1) attorneys' fees of one-third (33 1/3%) of the Total Settlement Amount ($591,666.67) payable to Class Counsel, and (2) up to $56,000.00 in litigation costs payable to Class Counsel. The Court may award less than these amounts from the Total Settlement Amount.

| 14. | WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? |
|---|---|

The Court will hold a Fairness Hearing to consider whether to grant Final Approval to the settlement on **insert date/time/location**. The hearing may be moved to a different date and/or time without additional notice. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to grant final approval. If there are objections, the Court will consider them. The Court will also decide how much from the Total Settlement Amount to award to Class Counsel in attorneys' fees and costs. We do not know how long these decisions will take. A Class Member may appear at the Final Approval Hearing and orally present his or her objection to the Court.

| 15. | DO I HAVE TO ATTEND THE HEARING? |
|---|---|

No. Class Counsel will answer questions the Court may have, but you may appear at your own expense. If you send a written objection, the Court will consider it. You may also pay your own lawyer to attend the hearing if you desire.

| 16. | IF I HIRE MY OWN LAWYER, CAN MY LAWYER APPEAR AT THE FINAL APPROVAL HEARING TO TELL THE COURT ABOUT MY OPINIONS REGARDING THE SETTLEMENT? |

Yes.  As long as you do not exclude yourself, you have the right to appear through counsel at the Final Approval Hearing.  You may also appear without a lawyer and directly tell the Court your opinions about the settlement so long as your written objection was timely submitted.  Note that if you choose to have a lawyer appear on your behalf, the cost of having that lawyer appear will be at your own expense.

| 18. | WHERE DO I OBTAIN MORE INFORMATION? |

If you want additional information, you may call or write Class Counsel at the address and telephone number listed above.

The specific terms of the settlement have also been filed with the Court in the *McKeen-Chaplin* case, and you can look at and copy these documents at any time if you have a Public Access to Court Electronic Records ("PACER") account, you may view the documents on the Court's Case Management/Electronic Court Filing website: www.pacer.gov.