1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11   GINA MCKEEN-CHAPLIN, individually,      Case No. 2:12-cv-03035-MCE-AC
     on behalf of all others similarly situated,
12   and on behalf of the general public,
                                             **ORDER GRANTING APPROVAL OF**
13            Plaintiffs,                     **SETTLEMENT**

14       v.

15   PROVIDENT SAVINGS BANK, FSB,

16
              Defendant.
17

18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7

Plaintiff Gina McKeen-Chaplin filed a putative class and collective action against Provident Savings Bank in this Court on December 17, 2012, asserting that Provident misclassified its mortgage underwriters as exempt from overtime and therefore failed to pay legally-required overtime pay.  The action was initially certified as a collective action under federal law and a class action under state law, but the state law class was later decertified.  The FLSA collective at one point contained twenty opt-in plaintiffs, although several later withdrew.  This case currently has nine FLSA opt-in Plaintiffs.

8
9
10
11
12
13
14
15
16
17

In April 2015, this Court denied the parties' cross-motions for summary judgment. ECF No. 85.  After the parties moved for reconsideration, the Court granted Provident's motion for summary judgment and denied Plaintiffs' cross-motion, finding that Plaintiffs fit within the administrative exemption to the FLSA.  ECF No. 101.  Plaintiffs appealed and the Ninth Circuit reversed, finding that Plaintiffs do not fit within the administrative exemption and were therefore entitled to overtime pay.  McKeen-Chaplin v. Provident Sav. Bank, FSB, 862 F.3d 847 (9th Cir. 2017).  Provident petitioned for a writ of certiorari to the United States Supreme Court, which Plaintiffs opposed.  The United States Supreme Court denied review.  138 S. Ct. 471 (2017).  This case was set for trial after being reassigned following appeal.  ECF Nos. 117, 122.

18
19
20
21
22
23

On May 22, 2014, Anna Neal and other McKeen-Chaplin Plaintiffs filed a state law class action in Alameda County Superior Court[1] to assert their individual state law claims and to reassert state class claims.  In Neal, the court denied Provident's motion to strike the class allegations on collateral estoppel grounds.  The Court then denied Plaintiffs' motion for class certification, and Plaintiffs appealed that denial of class certification.[2]

24
25
26

After mediation on December 18, 2017, the parties agreed to settle both the McKeen-Chaplin and Neal actions for $1,775,000.  The Plaintiffs in this case now come

27

[1] Neal, et al.  v. Provident Savings Bank, FSB, Case No. RG14726420.

28

[2] Case Number A146324 at the First District Court of Appeal.

1  before the Court seeking approval of the settlement of their FLSA claims as part of that

2  settlement.  The Superior Court for the County of Alameda has already granted

3  preliminary approval of the state law class settlement.

4       Plaintiffs now come before this Court seeking approval of the FLSA portion of

5  their settlement.  Because the FLSA portion of the settlement does not involve a

6  Rule 23 class, the traditional Rule 23 settlement review process does not apply.

7  Campanelli v. Hershey Co., No. C 08-1862 BZ, 2011 WL 3583597, *1 (N.D. Cal. May 4,

8  2011).   However, because FLSA rights generally cannot be waived, settlement of

9  private actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by the

10 district court.  Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982).

11 The decision of whether to approve a collective action settlement lies within the trial

12 court's discretion.  See id. at 1350.  In order to approve a settlement proposed by an

13 employer and employees, a court must determine that the settlement is a "fair and

14 reasonable resolution of a bona fide dispute" of the FLSA claims.  Id. at 1355;

15 Campanelli, 2011 WL 3583597, at *1; Ambrosino v. Home Depot U.S.A, Inc.,

16 No. 11CV1319 L(MDD), 2014 WL 3924609, at *1-2 (S.D. Cal. Aug. 11, 2014); Lee v.

17 The Timberland Co., No. C 07-2367 JF, 2008 WL 2492295, at * 2 (N.D. Cal. June 19,

18 2008); Yue Zhou v. Wang's Rest., No. C 05-0279 PVT, 2007 WL 172308, at *1-2 (N.D.

19 Cal. Jan. 17, 2007).  If a settlement in an FLSA suit reflects a "reasonable compromise

20 over issues," such as FLSA coverage or computation of back wages that are "actually in

21 dispute," the court may approve the settlement "in order to promote the policy of

22 encouraging settlement of litigation."  Lynn's Food Stores, 679 F.2d at 1354; Yue Zhou,

23 2007 WL 172308, *2.  Court approval of FLSA settlements helps ensure that the

24 resolution is not "a mere waiver of statutory rights brought about by an employer's

25 overreaching."  Lynn's Food Stores, 679 F.2d at 1354.  Settlements of court actions are

26 permissible because "initiation of the action by the employees provides some assurance

27 of an adversarial context."  Id.

28 ///

1        "Where a proposed settlement of FLSA claims includes the payment of attorney's

2  fees, the court must also assess the reasonableness of the fee award." Wolinsky v.

3  Scholastic Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012); accord Selk v. Pioneers

4  Mem'l Healthcare Dist., 159 F. Supp. 3d 1164, 1180 (S.D. Cal. 2016).  In the Ninth

5  Circuit, 25% is generally considered the benchmark for determining whether attorney's

6  fees are reasonable when they are based on a percentage of the award.  See In re

7  Bluetooth Headset Prods. Liability Litig., 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts

8  typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award.").

9  "[H]owever, such fee awards range from 20 percent to 30 percent of the fund created."

10  Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989).  Fees as

11  high as 33.3% have also been awarded.  See, e.g., Barbosa v. Cargill Meat Sols. Corp.,

12  297 F.R.D. 431, 448 (E.D. Cal. 2013) (collecting six Eastern District of California cases

13  where 33.3% was approved in support of the proposition that "[t]he typical range of

14  acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total

15  settlement value").  If attorney's fees deviate from the 25% benchmark, "it must be

16  made clear by the district court how it arrives at the figure ultimately awarded." Graulty,

17  886 F.2d at 272; see also Gribble v. Cool Transps. Inc., No. CV 06-04863 GAF (SHx),

18  2008 WL 5281665, at *11 (C.D. Cal. Dec. 15, 2008) (applying Graulty in an FLSA case).

19        Here, the Court finds the settlement is a reasonable compromise of a bona fide

20  dispute under the FLSA.  Under the terms of the settlement, Defendant agrees to pay a

21  total of $1,775,000.00, independent of any duty to pay employer-side payroll taxes

22  associated with the settlement payments, to settle what the Court agrees is a bona fide

23  dispute.  Plaintiffs identify several unresolved issues in this litigation, including disputes

24  as to the amount of overtime hours worked, whether damages should be calculated

25  under the "half-time" method, whether any FLSA violations were willful, and whether

26  Plaintiffs would be eligible for liquidated damages.  Indeed, this action has been through

27  many years of litigation, including an appeal to the Ninth Circuit and subsequent appeal

28  to the United States Supreme Court.  The settlement allocates $612,000 to the FLSA

1   claims.  According to Plaintiffs, that amount is 78% of their best day in court, and is

2   greater than they would receive if they failed to prevail on even one of the disputed

3   issues.  This settlement amount is sufficient to warrant settlement approval.  See

4   Officers for Justice v. Civil Service Commission, 688 F.2d 615, 628 (9th Cir. 1982) ("It is

5   well-settled law that a cash settlement amounting to only a fraction of the potential

6   recovery will not per se render the settlement inadequate or unfair.").

7        The Court also approves Plaintiffs' Counsel's request for attorney's fees in the

8   amount of $591,666.67, or one-third of the total settlement amount, subject to approval

9   by the Superior Court in Neal.  While this is an upward departure from this Court's

10  benchmark of 25%, the Court finds it appropriate under the circumstances.  First, the

11  resolution of this case "is a privately negotiated settlement," Campanelli, 2011 WL

12  3583597, at *1, and the limited number of opt-in Plaintiffs have agreed to such a fee by

13  individually signing the settlement agreement (as they did when they signed the legal

14  services agreement).

15        Second, and more importantly, an upward departure is warranted here given the

16  complex nature of the action and the complicated and time-consuming procedural

17  history.  Settlement payments to the opt-in Plaintiffs represent 78% of their best day in

18  court, which is a very favorable outcome given any amount of litigation risk.  And the

19  Court has no doubt that the attorneys have pursued this matter diligently since its

20  inception in 2012, which included full discovery, two rounds of summary judgment

21  briefing, an appeal to the Ninth Circuit, and a subsequent appeal to the United States

22  Supreme Court, which denied certiorari.  Counsel has not received payment for the vast

23  majority of its time spent on this case over the last five and a half years, and took on

24  significant financial risk by taking on this action on a contingency fee basis.  Moreover,

25  this figure represents the attorney's fees in both this action and Neal, and therefore

26  takes into account the attorneys' work in both matters.

27        In FLSA-only settlements, it is appropriate to approve fees based on a

28  contingency agreement.  See, e.g., Ambrosino, 2014 WL 3924609, at *2; (approving

-4-

1  fees of one-third in FLSA settlement); <u>Scott v. Memory Co., LLC</u>, No. 3:09cv290-SRW,

2  2010 WL 4683621 (M.D. Ala. Nov. 10, 2010) (settlement approved with attorneys' fees

3  paid according to plaintiff's contingency agreement with his attorney); <u>Burkholder v. City

4  of Ft. Wayne</u>, 750 F. Supp. 2d 990, 997 (N.D. Ind. 2010) (33.3% of the total settlement

5  amount is appropriate in an FLSA action); <u>Faican v. Rapid Park Holding Corp.</u>, No. 10-

6  CV-1118 (JG), 2010 WL 2679903 (E.D.N.Y. July 1, 2010) (approving fee award of

7  33 1/3 percent in an FLSA action).  For the reasons described above, the Court finds

8  such a fee appropriate here.[3]

9      Finally, the Court also approves Plaintiffs' Counsel's request for reimbursement

10  of litigation expenses of up to $56,000.00 from the settlement amount, subject again to

11  approval by the Superior Court in <u>Neal</u>.  To date, Plaintiffs have incurred $54,000 in

12  litigation costs, and counsel anticipates additional costs in the administration of the

13  settlement.  Plaintiffs represent that they will submit a final costs request in conjunction

14  with its fee petition and final approval in <u>Neal</u>, and are hereby ordered to report

15  regarding the same when they request dismissal of this action following final approval of

16  <u>Neal</u>.  No other costs are assessed against Defendant.

17      Accordingly, Plaintiffs' motion for approval of the FLSA portion of their settlement

18  is GRANTED.  The settlement of the individual claims of the named Plaintiff, Gina

19  McKeen-Chaplin, and the claims of the 8 opt-in Plaintiffs is APPROVED.  The Court

20  ORDERS that the parties file a joint status report ("JSR") in this matter every sixty (60)

21  days beginning with the date of electronic filing of this Order until <u>Neal</u> is resolved, and

22  a final JSR after final approval proceedings in the <u>Neal</u>.  The final JSR shall detail the

23  outcome in <u>Neal</u>.  If the <u>Neal</u> court grants final approval to the settlement without

24  substantive modification, the parties will apprise the Court that this case may be closed

25

26      [3] Counsel claims a lodestar of $700,000 for 1,750 hours spent on this case and an additional
   $200,000 for 515 hours spent on the <u>Neal</u> matter.  These numbers assume that an average hourly rate of
27  $400 per hour would be deemed reasonable.  While that may be the case, the Court does not have
   enough information—such as the experience of each attorney billing time to this case or the amount of
   time spent on specific tasks—to determine if that is indeed a reasonable lodestar.  In any event, the
28  requested amount falls well below the claimed lodestar, and the Court finds it reasonable as a percentage
   of the settlement.

and judgment may be entered.  Conversely, if the <u>Neal</u> court does not grant final

approval of the settlement, the parties will then apprise the Court of that fact and

suggest what further action should be taken in light of such circumstances.  For the time

being, this action is to remain OPEN, and no final judgment shall issue pending the filing

of the joint status report described herein.

     IT IS SO ORDERED.

Dated:  July 18, 2018

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

ORDER GRANTING SETTLEMENT APPROVAL CASE NO. 2:12-cv-03035-MCE-AC